1 | Scott J. Grossberg (Bar No. 123359)     Fee Exempt - Public Entity, Gov. Code § 6103
Joseph E. Brick (Bar No. 253132)
2 | **CIHIGOYENETCHE, GROSSBERG & CLOUSE**
8038 Haven Avenue, Suite E
3 | Rancho Cucamonga, CA 91730
(909) 483-1850
4 | (909) 483-1840 Fax
sgrossberg@cgclaw.com
5 | josephbrick@cgclaw.com
Attorneys for Defendants
6 | TOWN OF MAMMOTH LAKES,
PAUL ROBLES and RICK MOBERLY

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

10

11 | WILLIAM R. CROSBY,                      )  CASE NO.: 2:11-CV-01458-KJM-EFB

12 |                              Plaintiff, )  *[Honorable Kimberly J. Mueller,*
                                          )  *Courtroom 3]*
13 | vs.                                     )

14 | THE COUNTY OF MONO, THE                 )  **NOTICE OF MOTION AND**
TOWN OF MAMMOTH LAKES, a              )  **MOTION BY PAUL ROBLES AND**
15 | Municipal Corporation, MONET a          )  **RICK MOBERLYTO DISMISS FOR**
form of entity unknown, SETH          )  **FAILURE TO STATE CLAIM UPON**
16 | CLARK, an Individual, TIMOTHY           )  **WHICH RELIEF CAN BE GRANTED**
WALTER KENDALL, an Individual,        )  **(F.R.Civ.P. Rule 12(b)(1)&(6)) &**
17 | PAUL ROBLES, an Individual,             )  **MOTION FOR A MORE DEFINITE**
RICK MOBERLY, an Individual,          )  **STATEMENT**
18 | and DOES 1 to 10, inclusive,            )  **(F.R.C.P. Rules 12(e)&(g))**
                                          )
19 |                            Defendants. )  DATE:        September 7, 2011
                                          )  TIME:        10:00 a.m.
20 | _____ )  CTRM:        24

21 |                                            COMPLAINT FILED:  May 31, 2011
                                             TRIAL DATE:       None Set
22

23 | **TO PLAINTIFF PRO SE WILLIAM R. CROSBY, AND ALL INTERESTED**

24 | **PARTIES HEREIN:**

25 |      **PLEASE TAKE NOTICE** that on September 7, 2011, at 10:00 a.m., or as soon

26 | thereafter as the matter may be heard in Courtroom 24 of the above-entitled Court,

27 | located at 501 "I" Street, Sacramento, California, defendants PAUL ROBLES and

28 | RICK MOBERLY(hereinafter "DEFENDANT OFFICERS"), will move this Court to

1

1  dismiss this action and each separate cause of action pursuant to *Federal Rule of Civil*
2  *Procedure,* Rule 12(b)(1) & (6).  This Motion is made on the following grounds:

3        1.    PLAINTIFF'S claim under 42 U.S.C. § 1983 fails as a matter of law as
4  against all DEFENDANT OFFICERS as there are insufficient facts pled to support such
5  a claim;

6        2.    PLAINTIFF'S Second Cause of Action fails as PLAINTIFF has no standing
7  to bring a claim under 18 U.S.C. § 1832 and there are insufficient facts pled to support
8  a claim under Section 1832 and Section 1030;

9        3.    PLAINTIFF'S claim under 18 U.S.C. § 1962 fails as a matter of law as
10 against all DEFENDANT OFFICERS as there are insufficient facts pled to support such
11 a claim;

12       4.    PLAINTIFF'S State-based tort claims fail as a matter of law as against all
13 DEFENDANT OFFICERS as PLAINTIFF failed to allege compliance with the Tort
14 Claims Act and, hence, failed to exhaust his administrative remedies; and

15       5.    PLAINTIFF'S State-based tort claims fail as a matter of law as against all
16 DEFENDANT OFFICERS as they are immune from liability and there are insufficient
17 facts pled to support such claims.

18       DEFENDANT OFFICERS will also be moving this Court for an Order compelling
19 the PLAINTIFF to provide a more definite statement pursuant to *Federal Rule of Civil*
20 *Procedure,* Rule 12(e).  This Motion and the Motion to Dismiss are brought together
21 pursuant to *Federal Rule of Civil Procedure,* Rule 12(g).  The Motion for a More
22 Definite Statement is made on the following grounds:

23       1.    That the PLAINTIFF failed to separately allege each claim as a separate
24 cause of action with specific allegations against the individual defendants.

25 ///
26 ///
27 ///
28 ///

1        This Motion is based upon this Notice of Motion and the attached Memorandum

2    of Points and Authorities filed herein, the pleadings and papers on file herein, and any

3    such other evidence as may be introduced at the time of hearing.

4

5    DATED: August 5, 2011           CIHIGOYENETCHE, GROSSBERG & CLOUSE

6

7                                By: _____

8                                SCOTT J. GROSSBERG<br>                            Attorneys for Defendants

9                                TOWN OF MAMMOTH LAKES,<br>                            PAUL ROBLES and RICK MOBERLY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . 1

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.    THIS COURT IS VESTED WITH THE POWER TO
       DISMISS THIS ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.   PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO
       SUPPORT ANY OF THE ALLEGED VIOLATIONS OF FEDERAL
       RIGHTS SUBJECTING HIS COMPLAINT TO DISMISSAL . . . . . . . . . . . 6

       A.    The Allegations Contained in PLAINTIFF'S Complaint Are
             Not Sufficient to Allege a Section 1983 Claim for Fifth or
             Fourteenth Amendment Violations  . . . . . . . . . . . . . . . . . . . . . . . . . 6

       B.    PLAINTIFF'S Second Cause of Action Brought under 18
             U.S.C. § 1030 And/or 18 U.S.C. § 1832 Fails as Plaintiff
             Lacks Standing and Has Not Pled Sufficient Facts  . . . . . . . . . . . . . . 8

             1.    PLAINTIFF Does Not Have Standing to Bring
                   an Action Under 18 U.S.C. § 1832 as Citizen
                   Suits Are Not Authorized for the Prosecution
                   of the Theft of Trade Secrets . . . . . . . . . . . . . . . . . . . . . . . . 8

             2.    PLAINTIFF Did Not Allege Sufficient Facts to
                   Constitute a Cause of Action for Theft of Trade
                   Secrets . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

             3.    PLAINTIFF Did Not Allege Sufficient Facts to
                   Constitute a Cause of Action for Unauthorized
                   Access to a Protected Computer . . . . . . . . . . . . . . . . . . . . . . 10

       C.    The Allegations Contained in PLAINTIFF'S Complaint Are
             Not Sufficient to Allege Any RICO Violation . . . . . . . . . . . . . . . . . 12

IV.    PLAINTIFF'S STATE-BASED CLAIMS ALL FAIL AS THE
       PLAINTIFF HAS FAILED TO EXHAUST ADMINISTRATIVE
       REMEDIES, PLEAD SUFFICIENT FACTS, AND THE DEFENDANT
       OFFICERS ARE IMMUNE FROM LIABILITY . . . . . . . . . . . . . . . . . . . . . 13

       A.    PLAINTIFF Has Failed to Exhaust the Available State
             Administrative Remedies Prior to Filing the Instant Suit
             Thereby Depriving this Court of Pendant Jurisdiction of the
             State Claims  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

       B.    PLAINTIFF  Has Not Alleged Any Authorizing Statute
             Which Would Allow Him to Maintain Any of the State Law
             Causes of Action Against the DEFENDANT OFFICERS  . . . . . . . . 15

# TABLE OF CONTENTS (continued)

Page

C.   PLAINTIFF'S Fourth Cause of Action Fails as a Matter of Law as There Are Insufficient Facts Pled to Support Claims for False Arrest and Imprisonment, Intentional Infliction of Emotional Distress, Conversion, and Intention [Sic] Interference with Pecuniary Relationship ..................... 16

D.   PLAINTIFF'S Cause Of Action for Defamation Is Barred By Civil Code Section 47 ............................... 17

E.   The DEFENDANT OFFICERS Are Immune from the Alleged Violations of State Law under California Government Code section 821.6 ........................ 17

V.   THIS COURT IS VESTED WITH THE POWER TO REQUIRE A MORE DEFINITE STATEMENT ............................... 18

VI.  DEFENDANT OFFICERS REQUEST A MORE DEFINITE STATEMENT AS TO ALL CAUSES OF ACTION ................... 18

VII. CONCLUSION ............................................ 20

# TABLE OF AUTHORITIES

Page

*FEDERAL CASES*

*Banks v. Dep't of Motor Vehicles for Cal.*
  419 F. Supp. 2d 1186, 1191 (C.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . 12,13

*Bansal v. Russ*
  513 F.Supp.2d 264 (2007) . . . . . . . . . . . . . . . . . . . . .  11

*Byrd v. California Sup. Ct., County of Marin*
  2009 WL 2031761 at 12(2009, N.D.Cal.) . . . . . . . . . . . . . . . . . . . . . . . 18,19

*Gomez v. Toledo*
  446 U.S. 635, 640 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

*Federal Deposit Insurance Corporation v. Henderson*
  940 F.2d 465, 471 (9th Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*FW/PBS, Inc. v. City of Dallas*
  493 U.S. 215, 231(1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gerlinger v. Amazon.com Inc., Borders Group, Inc.*
  526 F.3d 1253, 1255 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Littlefield v. Continental Cas. Co.*
  475 F.Supp. 887, 889 (C.D. C.A. 1979) . . . . . . . . . . . . . . . . . . . . . . . 5

*Lujan v. Defenders of Wildlife*
  504 U.S. 555, 559-560 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Margarita Cellars v. Pacific Coast Packaging, Inc.*
  189 F.R.D. 575, 578 (N.D. Cal., 1999) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Nat'l R. R. Passenger Corp. v. Nat'l Ass'n of R. R. Passengers*
  414 U.S. 453, 457-65 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Natomas Gardens Inv. Group, LLC v. Sinadinos*
  710 F. Supp. 2d 1008, 1021 (E.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . 12

*Ove v. Gwinn*
  264 F.3d 817, 825 (9th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Polk v. Montgomery County, Md.*
  548 F. Supp. 613, 614 (D. Md. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Potter v. Hughes*
  546 F.3d 1051, 1055 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Reese v. Jefferson School District No. 14J*
  208 F.3d 736, 740 (9th Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Scarbrough v. R-Way Furniture Co.*
    105 F.R.D. 90, 91 (D.C.Wis. 1985) . . . . . . . . . . . . . . . . . . . . . . . . 18

*Santos v. Alaska Bar Ass'n*
    618 F.2d 575, 577 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sedima, S.P.R.L. v. Imrex Co., Inc.*
    473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) . . . . . . . 12

*Steel Co. v. Citizens for a Better Environment*
    523 U.S. 83, 107 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Hays*
    515 U.S. 737, 743 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Hsu*
    982 F. Supp. 1022, 1024 (E.D. Pa. 1997) . . . . . . . . . . . . . . . . . . . 10

*United States ex rel. Satalich v. City of Los Angeles*
    160 F.Supp.2d 1092, 1097 (C.D. Cal. 2001) . . . . . . . . . . . . . . . . . . 5

*Willis v. Reddin*
    418 F.2d 702, 704 (9th Cir. 1969) . . . . . . . . . . . . . . . . . . . . . 14,16


*STATE CASES*

*Balzaga v. Fox News Network, LLC*
    (2009)173 Cal.App.4th 1325, 1337 . . . . . . . . . . . . . . . . . . . . . . 17

*Carver v. Bonds*
    (2005) 135 Cal.App.4th 328, 351 . . . . . . . . . . . . . . . . . . . . . . . 17

*Howard v. Oakland Tribune*
    (1988) 199 Cal.App.3d 1124, 1128 . . . . . . . . . . . . . . . . . . . . . . 17

*McMartin v. County of Los Angeles*
    (1988) 202 Cal.App.3d 848, 858 . . . . . . . . . . . . . . . . . . . . . . . 14

*Morris v. State of California*
    (1979) 89 Cal.App.3d 962, 964 . . . . . . . . . . . . . . . . . . . . . . . . 15

*Rubinow v. County of San Bernardino*
    (1959) 169 Cal.App.2d 67, 71 . . . . . . . . . . . . . . . . . . . . . . . . 16

*Searcy v. Gibbel*
    (1986) 177 Cal.App.3d 792 . . . . . . . . . . . . . . . . . . . . . . . . . 15,16

*Shelton v. Superior Court*

1    (1976) 56 Cal.App.3d 66, 82  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

2  *Susman v. City of Los Angeles*
       (1969) 269 Cal.App.2d 803, 808  . . . . . . . . . . . . . . . . . . . . . . . . . . . 15,16
3
   *Tolan v. State of California Ex. Rel. Department of Transportation*
4        (1979) 100 Cal.App.3d 980, 983  . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

5  *Turner v. State of California* (Cal. Ct. App. 1991)
       232 Cal.App.3d 883, 888.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13,14
6
   *Venegas v. County of Los Angeles*
7        (2004) 32 Cal.4th 820, 828-829  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8

9
   *STATUTES*
10
   *Civil Code*
11      Section 47(d)(1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

12
   *Federal Rules of Civil Procedure*
13      Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
14      Rule 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

15
   *Government Code*
16      Section 815 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
        Section 815(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
17      Section 815.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
        Section 821.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
18      Section 910(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

19
   *United States Code*
20      18 U.S.C. § 1030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        18 U.S.C. § 1030(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
21      18 U.S.C. § 1030(e)(2)(A) and (B) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        18 U.S.C. § 1832(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
22      18 U.S.C. § 1836 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        18 U.S.C. § 1961(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff WILLIAM R. CROSBY ("PLAINTIFF") has filed a Complaint against the COUNTY OF MONO, the TOWN OF MAMMOTH LAKES ("TOWN"), MONET, SETH CLARK, TIMOTHY WALTER KENDALL, PAUL ROBLES, and RICK MOBERLY. PLAINTIFF served the TOWN with a copy of the Complaint filed on or about June 1, 2011. A Motion to Dismiss is presently pending as it relates to the Town and is scheduled to be heard on September 7, 2011. TOWN Police Officers PAUL ROBLES and RICK MOBERLY (hereinafter collectively "DEFENDANT OFFICERS") were not served at that time. Instead, the DEFENDANT OFFICERS were subsequently provided with respective "Waiver of the Service of Summons" forms, which they executed on June 16, 2011. These forms are attached collectively as Exhibit 1 to the Declaration of Scott J. Grossberg. As a function of utilizing the Waiver forms, the DEFENDANT OFFICERS' Motions to Dismiss were not due until August 8, 2011.

PLAINTIFF'S Complaint is essentially a civil rights action for the alleged wrongful arrest, search and seizure of his property. Said arrest, search and seizure was conducted by defendant MONET, a combination of law enforcement agencies and officers whose primary purpose is the suppression of illegal drug trafficking. Following an investigation into PLAINTIFF'S mobile marijuana operation, search warrants were obtained and executed. As a result, PLAINTIFF was arrested and his marijuana confiscated along with other "business" related materials, documents, and financial records.

PLAINTIFF has alleged eleven causes of action, including violations of individual civil rights, RICO violations, and additional state law claims for Negligence, Negligent Hiring, Training, and Supervision of Law Enforcement Officers, False Arrest and Imprisonment, Intentional Infliction of Emotional Distress, Conversion, Intentional Interference with Pecuniary Relations, and Defamation. This Motion is necessitated by the various immunities afforded to the DEFENDANT OFFICERS in order to protect

4

1  public coffers which preclude liability under the selected state claims, the fact that the

2  Complaint fails to plead sufficient and/or particular facts to support any of

3  PLAINTIFF'S causes of action, and to separate claims in order to narrow the issues, to

4  delineate the boundaries of the claims asserted, and to expedite and simplify the

5  proceedings.

6                                                **II.**

7  **THIS COURT IS VESTED WITH THE POWER TO DISMISS THIS ACTION**

8          A claim may be challenged by a motion to dismiss based on a lack of subject

9  matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Once challenged, the burden is on the party

10  asserting jurisdiction to prove that the matter is properly in federal court. *Littlefield v.*

11  *Continental Cas. Co.*, 475 F.Supp. 887, 889 (C.D. C.A. 1979). A challenge to the Court's

12  subject matter jurisdiction can be made at any time by any party or by the Court itself.

13  *See Santos v. Alaska Bar Ass'n*, 618 F.2d 575, 577 (9th Cir. 1980).

14          Claims may also be challenged by a motion to dismiss on a showing that the

15  complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P.

16  12(b)(6).  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims

17  asserted in the complaint.  Courts may dismiss a claim for failure to comply with

18  pleading rules which require a short and plain statement upon which relief can be

19  granted, and that each averment be simple, concise, and direct.  *Margarita Cellars v.*

20  *Pacific Coast Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D. Cal., 1999).

21          In assessing the merits of a Rule 12(b)(6) motion, a court must accept as true all

22  material allegations in the complaint, as well as any reasonable inferences to be drawn

23  from them.  *United States ex rel. Satalich v. City of Los Angeles*, 160 F.Supp.2d 1092,

24  1097 (C.D. Cal. 2001) (citations omitted).  However, courts should not assume the truth

25  of legal conclusions merely because they are cast in the form of factual allegations.

26  *Margarita Cellars, supra,* 189 F.R.D. at 578.  A motion to dismiss may be brought

27  together with any other Rule 12 motion, including a motion for a more definite statement

28  pursuant to *Federal Rule of Civil Procedure,* Rule 12(g).

5

## III.

## PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT ANY OF THE ALLEGED VIOLATIONS OF FEDERAL RIGHTS SUBJECTING HIS COMPLAINT TO DISMISSAL

**A.    The Allegations Contained in PLAINTIFF'S Complaint Are Not Sufficient to Allege a Section 1983 Claim for Fifth or Fourteenth Amendment Violations.**

PLAINTIFF has failed to state a claim under 42 U.S.C. § 1983 against the DEFENDANT OFFICERS. "Even under the liberal pleading standards of the Federal Rules of Civil Procedure, the absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to F.R.Civ.P. 12(b)." *Polk v. Montgomery County, Md.*, 548 F. Supp. 613, 614 (D. Md. 1982) rev'd on unrelated grounds, 782 F.2d 1196 (4th Cir. 1986). The absence of any allegations that an officer was personally involved in the challenged arrest and imprisonment is fatal to the complaint as it relates to those officers. *Id.*

Here, there are no allegations asserted against the DEFENDANT OFFICERS. The only allegations are against "defendants SETH CLARK and TIMOTHY WALTER KENDALL". (Complaint, ¶33) . Thus, PLAINTIFF has failed to state a claim against the DEFENDANT OFFICERS.

PLAINTIFF'S Complaint also fails to state a claim under 42 U.S.C. § 1983 on several additional grounds. Section 1983 provides, in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." *Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820, 828-829. "By the plain terms of 1983, 'two and only two' allegations are required in order to state a cause

6

1    of action under that statute. First, the plaintiff must allege that some person has deprived

2    him of a federal right. Second, he must allege that the person who has deprived him of

3    that right acted under color of state or territorial law. [Citation.]"*Gomez v. Toledo,* 446

4    U.S. 635, 640 (1980).

5          PLAINTIFF'S Complaint sets forth a litany of conclusions which, in essence,

6    allege that the DEFENDANTS stopped, searched, and arrested him without probable

7    cause or justification.   (Complaint ¶¶17-33.)   Although PLAINTIFF contends that

8    "defendants SETH CLARK and TIMOTHY WALTER KENDALL deprived... his/her

9    liberty without due process of law" [Complaint ¶33], this is a mere conclusion

10   unsupported by any specific facts indicating the manner in which he was deprived of

11   liberty without due process of law. PLAINTIFF claims that the DEFENDANTS had no

12   probable cause for their actions, maliciously charged PLAINTIFF, and refused to release

13   his seized marijuana back to PLAINTIFF. These assertions are all mere conclusions and

14   not material facts which are necessary to properly state a claim for relief under 42 U.S.C.

15   § 1983.

16         Additionally, PLAINTIFF fails satisfy the second prong required for successfully

17   pleading a Section 1983 claim, by not stating whether anyone was acting under color of

18   state law as required. *Gomez, supra,* 446 U.S. at 640.   PLAINTIFF prefaces his Section

19   1983 claim with numerous allegations concerning "defendants," but fails to identify

20   which particular DEFENDANT he is referring to or if he means all DEFENDANTS.

21   There is a prior reference that each of the individual officers were acting in their

22   capacities as law enforcement officers, (Complaint ¶14), but said paragraph is not

23   incorporated by reference into the First Cause of Action.

24         Furthermore, a Section 1983 claim predicated on violations of the Fourteenth

25   Amendment requires PLAINTIFF to allege that the DEFENDANTS acted in a

26   discriminatory manner **and** that the discrimination was intentional. *See Reese v. Jefferson*

27   *School District No. 14J*, 208 F.3d 736, 740 (9th Cir.2000); *Federal Deposit Insurance*

28   *Corporation v. Henderson*, 940 F.2d 465, 471 (9th Cir.1991). Because PLAINTIFF'S

7

Complaint does not allege discrimination at all, the 1983 claim under the Fourteenth Amendment is legally insufficient to withstand this Motion to Dismiss. Accordingly, the Court is requested to dismiss PLAINTIFF'S Section 1983 claim in its entirety as against the DEFENDANT OFFICERS.

**B.    PLAINTIFF'S Second Cause of Action Brought Under 18 U.S.C. § 1030 And/or 18 U.S.C. § 1832 Fails as Plaintiff Lacks Standing and Has Not Pled Sufficient Facts.**

PLAINTIFF'S Second Cause of Action is for Unauthorized Access to a Protected Computer with Intent to Defraud and Obtain Something of Value in violation of 18 U.S.C. § 1030(a)(4), and/or Theft of Trade Secrets under 18 U.S.C. §§ 1832(a)(1), 1832(a)(2), and 1832(a)(3). The defects in these claims are outlined below, and the ambiguity created by pleading multiple causes of action together is addressed in Section VI, below.

**1.    PLAINTIFF Does Not Have Standing to Bring an Action Under 18 U.S.C. § 1832 as Citizen Suits Are Not Authorized for the Prosecution of the Theft of Trade Secrets.**

PLAINTIFF lacks both traditional Article III standing as well as statutory standing and, thus, cannot maintain an action under 18 U.S.C. §§ 1832(a)(1), (a)(2), and (a)(3). It is well established that the burden is on the party who seeks to exercise federal jurisdiction to clearly allege "facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *United States v. Hays*, 515 U.S. 737, 743 (1995) (internal quotes omitted). A complaint must contain particularized factual allegations which, if true, would support plaintiff's standing to sue. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) (internal quotes omitted). To avoid deciding unnecessary constitutional issues, courts may consider statutory standing before considering Article III standing requirements. *Potter v. Hughes*, 546 F.3d 1051, 1055 (9th Cir. 2008).

Turning first to PLAINTIFF'S lack of statutory standing, it is readily apparent that PLAINTIFF has failed to meet his burden of alleging facts to support statutory standing.

8

To establish statutory standing, a plaintiff must identify a statute which authorizes a citizen suit for the alleged violation of a federal right. *Nat'l R. R. Passenger Corp. v. Nat'l Ass'n of R. R. Passengers*, 414 U.S. 453, 457-65 (1974). PLAINTIFF is asserting an action against the DEFENDANT OFFICERS under 18 U.S.C. §§ 1832(a)(1), (a)(2), and (a)(3). However, Section 1832 is a criminal statute which sets forth both a fine and possible maximum jail sentence for specific actions in relation to the theft of trade secrets. The statute authorizing civil suits for violations of Section 1832 can be found at 18 U.S.C. § 1836 which states, in pertinent part, "(a) The Attorney General may, in a civil action, obtain appropriate injunctive relief against any violation of this chapter." This statute only provides for suits by the Attorney General. There is no statute authorizing citizen suits for violations of Section 1832, nor was any identified in the operative Complaint. Therefore, Plaintiff lacks statutory standing to maintain this action.

Similarly, PLAINTIFF lacks standing under Article III to maintain an action for Theft of Trade Secrets. "Article III standing requires proof of injury-in-fact, causation, and redressability." *Gerlinger v. Amazon.com Inc., Borders Group, Inc.*, 526 F.3d 1253, 1255 (9th Cir. 2008). Redressability requires a substantial likelihood to exist that the relief sought, if granted, will redress the injury suffered by plaintiff. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-560 (1992). It is not sufficient to establish Article II standing that a favorable judgment will benefit the public at large, punish a wrongdoer, or simply make plaintiff happy. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 107 (1998).

In the present case, a favorable judgment would not redress PLAINTIFF'S alleged damages. PLAINTIFF alleges that the defendants obtained his Outlook database, source lists and confidential heath(sic) information. (Complaint ¶¶36-37.) However, Section 1832 authorizes a criminal action for the imposition of a fine and/or jail time. Section 1832 does not provide a mechanism for returning the property PLAINTIFF seeks. Nor would PLAINTIFF benefit from a criminal prosecution under 1832 any more than any other citizen. PLAINTIFF would not receive any of the fines if imposed and, as set forth

9

1 above, mental satisfaction or retribution are not sufficient to confer standing. Thus,

2 PLAINTIFF'S alleged harm would not be redressed depriving him of standing.

3       **2.**     **<u>PLAINTIFF Did Not Allege Sufficient Facts to Constitute a Cause of</u>**

4               **<u>Action for Theft of Trade Secrets.</u>**

5     PLAINTIFF has failed to allege sufficient facts to support a violation of 18 U.S.C.

6 §§ 1832(a)(1), (a)(2), and (a)(3). 18 U.S.C. § 1832 concerns the theft of trade secrets and

7 imposing liability upon a person who "by fraud, artifice, or deception obtains [trade

8 secret] information." 18 U.S.C. § 1832(a)(1). Existence of a trade secret is an essential

9 element of the crime of theft of trade secrets. *United States v. Hsu*, 982 F. Supp. 1022,

10 1024 (E.D. Pa. 1997) (reversed on unrelated grounds by 155 F.3d 189 (3d Cir. 1998).

11 However, PLAINTIFF failed to identify or allege any particular trade secret in his

12 Complaint. PLAINTIFF therefore failed to plead sufficient facts to state a cause of

13 action. Accordingly, the Court is requested to dismiss PLAINTIFF'S Second Cause of

14 Action in its entirety.

15       **3.**     **<u>PLAINTIFF Did Not Allege Sufficient Facts to Constitute a Cause of</u>**

16               **<u>Action for Unauthorized Access to a Protected Computer.</u>**

17     PLAINTIFF'S Second Cause of Action for Unauthorized Access to a Protected

18 Computer with Intent to Defraud and Obtain Something of Value in Violation of

19 18 U.S.C. §§ 1030(a)(4) fails to allege facts which are crucial elements in stating a claim.

20 18 U.S.C. § 1030(a)(4) is a criminal statute that provides a civil remedy for conduct

21 involving one of five enumerated factors. The relevant factor in this case, and which

22 PLAINTIFF purports is the basis of his claim, is as follows:

23         (a) Whoever–... (4) knowingly and with intent to defraud,
        accesses a protected computer without authorization, or

24         exceeds authorized access, and by means of such conduct
        furthers the intended fraud and obtains anything of value,

25         unless the object of the fraud and the thing obtained consists
        only of the computer and the value of such use is not more

26         than $5,000 in any 1-year period.
        (18 U.S.C. § 1030(a)(4).)

27 ///

28 ///

10

A protected computer is defined as a computer:

> (A) exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government; or (B) which is used in or affecting interstate or foreign commerce or communication....
> (18 U.S.C. § 1030(e)(2)(A) and (B).)

Here, PLAINTIFF fails to allege, and cannot allege, that the computer at issue was a "protected" computer within the meaning of the statute. This deficit is fatal to this cause of action. Further, PLAINTIFF fails to set forth any facts alleging that the taking of his personal computer was done with the intent to defraud.

Moreover, PLAINTIFF has not alleged that he has suffered $5,000 in economic damages related to the alleged violation. Civil actions under 18 U.S.C. § 1030 are only authorized if one of five conditions are met.18 U.S.C. § 1030(g). The five factors are:

> (I)   loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;

> (II)   the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;

> (III)   physical injury to any person;

> (IV)   a threat to public health or safety;

> (V)   damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security.
> 18 U.S.C. § 1030 (West)

Even construing PLAINTIFF'S claims liberally, nothing in his Complaint suggests that the seizure of PLAINTIFF'S computer caused him any compensable economic loss or any of the five enumerated injuries that would entitle him to file a civil suit. These failures render PLAINTIFF'S cause of action under 18 U.S.C. § 1030(a)(4) insufficient to constitute a valid cause of action. *See Bansal v. Russ*, 513 F.Supp.2d 264 (2007). As

11

1   such, it should be dismissed.

2   **C.   The Allegations Contained in PLAINTIFF'S Complaint Are Not**
3   **Sufficient to Allege Any RICO Violation.**

4   PLAINTIFF has not stated a claim for conspiracy under 18 U.S.C. § 1962(d).
5   Conclusory allegations of a conspiracy under Section 1962(d) are insufficient to state a
6   claim. *Natomas Gardens Inv. Group, LLC v. Sinadinos*, 710 F. Supp. 2d 1008, 1021
7   (E.D. Cal. 2010). Despite indicating on the face page of the Complaint that he is alleging
8   two causes of action for RICO violations, Conduct of an Organization's Affairs through
9   a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)) and Conspiracy to Conduct of
10  an Organization's Affairs through a Pattern of Racketeering Activity (18 U.S.C.
11  § 1962(d), within the body of PLAINTIFF'S Complaint, he only alleges one RICO
12  violation, Conduct of an Organization's Affairs through a Pattern of Racketeering
13  Activity, which is contained in the Third Cause of Action. There are no factual
14  allegations of an actual conspiracy contained in the Complaint. Thus, PLAINTIFF has
15  failed to state a claim for Conspiracy under Section 1962(d).

16  Similarly, PLAINTIFF has failed to state a claim under 18 U.S.C. § 1962(c). "To
17  state a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3)
18  through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or
19  property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir.2001); *Sedima, S.P.R.L. v. Imrex*
20  *Co., Inc.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985).
21  "'Racketeering activity' means 'any act or threat involving murder, kidnapping,
22  gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a
23  controlled substance or listed chemical,' acts indictable under specified federal statutes,
24  and certain offenses involving fraud. 18 U.S.C. § 1961(1). For purposes of RICO, "a
25  'pattern of racketeering activity' requires at least two predicate acts of racketeering
26  activity." 18 U.S.C. § 1961(5). *Banks v. Dep't of Motor Vehicles for Cal.*, 419 F. Supp.
27  2d 1186, 1191 (C.D. Cal. 2006). Claims are properly dismissed where PLAINTIFF has
28  only alleged a single predicate act as it cannot form the basis of a RICO violation. *Id.* at

12

1  p. 1192.

2  Here, PLAINTIFF alleges that beginning on an unknown date, defendants

3  "intentionally conspire [sic] and agree [sic] with each other to commit mail fraud, in

4  violation of 18 U.S.C. § 1341." (Complaint ¶49.)  There are no additional facts set forth

5  as to what acts allegedly constitute mail fraud, or what other acts purport to satisfy the

6  two prior racketeering activities necessary to state a civil cause of action for violation of

7  RICO statutes.  Accordingly, PLAINTIFF has failed to set forth sufficient facts which

8  support any cause of action against the DEFENDANT OFFICERS.

9  **IV.**

10 **PLAINTIFF'S STATE-BASED CLAIMS ALL FAIL AS THE PLAINTIFF HAS**

11 **FAILED TO EXHAUST ADMINISTRATIVE REMEDIES, PLEAD**

12 **SUFFICIENT FACTS, AND THE DEFENDANT OFFICERS**

13 **ARE IMMUNE FROM LIABILITY**

14 **A.     PLAINTIFF Has Failed to Exhaust the Available State Administrative**

15 **Remedies Prior to Filing the Instant Suit Thereby Depriving this Court**

16 **of Pendant Jurisdiction of the State Claims.**

17 PLAINTIFF has failed to plead sufficient facts to illustrate that he exhausted all

18 administrative remedies prior to filing the instant action.  Specifically, the PLAINTIFF

19 has failed to allege that he submitted a sufficient Tort Claim within the statutory period.

20 Pursuant to the provisions of the California Government Code, potential plaintiffs

21 wishing to sue a governmental entity or employee in tort must first present it with a claim

22 in the form required by Government Code section 910.  *Turner v. State of California*

23 (Cal. Ct. App. 1991) 232 Cal.App.3d 883, 888. Tort Claims must include a general

24 description of the indebtedness, obligation, injury, damage or loss incurred so far as it

25 may be known at the time of presentation of the claim. *Id.*; *Gov. Code,* § 910, subd. (d).

26 The primary function of the Tort Claims Act (*Government Code* section 815, *et seq.*) is

27 to inform the governmental body of imminent legal action so that it may investigate and

28 evaluate the claim and where appropriate avoid litigation by settling meritorious claims.

13

1   "It is therefore necessary for the claim served on the governmental entity to describe

2   fairly what that entity is alleged to have done." *Id.*

3     "In actions for damages against local public entities, the claims statutes require

4   timely filing of a proper claim as condition precedent to the maintenance of the action.

5   Compliance with the claims statutes is mandatory (citation); and failure to file a claim

6   is fatal to the cause of action." *Shelton v. Superior Court* (1976) 56 Cal.App.3d 66, 82.

7   The fact that a public entity has full knowledge of the claim and related circumstances

8   is *not* sufficient to excuse noncompliance. *McMartin v. County of Los Angeles* (1988)

9   202 Cal.App.3d 848, 858. Indeed, the purpose of the claims statutes is not to prevent

10   surprise. *Shelton, supra,* 56 Cal.App.3d at 82. Rather, it is to provide the public entity

11   sufficient information to enable it to adequately investigate claims and to settle them, if

12   appropriate, without the expense of litigation. *Id.* It is well settled that claims statutes

13   must be satisfied despite the public entity's actual knowledge of the circumstances

14   surrounding the claim. *Id.* Actual knowledge by the entity does not amount to substantial

15   compliance or provide a basis for estoppel. *Id.*

16     **California's Tort Claims Act further provides that an action against a public**

17   **employee is barred if an action for the same injury is barred as against the public**

18   **entity**. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969). "In California, statutes or

19   ordinances which condition the right to sue the sovereign upon timely filing of claims

20   and actions are more than procedural requirements. **They are elements of the plaintiff's**

21   **cause of action and conditions precedent to the maintenance of the action**. When the

22   action is against the public employee rather than the public entity such statutes are given

23   the same effect." *Id.*(emphasis added).

24     In the instant case, PLAINTIFF has failed to allege that he filed a sufficient Tort

25   Claim within the statutory period. Compliance with the Tort Claims Act is an element

26   of every State-based cause of action and must be alleged to state a cause of action. Here,

27   PLAINTIFF has not pled any **facts** which, if taken as true, illustrate that the PLAINTIFF

28   exhausted his administrative remedies by complying with the Tort Claims Act's

14

1 requirements. Thus, PLAINTIFF is barred from maintaining this suit against the

2 DEFENDANT OFFICERS.

3    **B.    PLAINTIFF Has Not Alleged Any Authorizing Statute Which Would**

4    **Allow Him to Maintain Any of the State Law Causes of Action Against**

5    **the DEFENDANT OFFICERS.**

6    California and its political subdivisions have not waived their sovereign immunity

7 unless otherwise specifically stated by statute. *Gov. Code*, § 815. Even when authorized

8 by statute, governmental liability is often specifically tailored to fit the unique values of

9 the citizens of the State of California and its cities.  This tailoring is skillfully done by

10 way of authorizing statutes and immunity statutes which reiterate the existence of

11 sovereign immunity in specific protected areas that are vital for state and municipal

12 effectiveness.   The TOWN and, hence, its employees acting within their scope of

13 employment, has not waived its immunity for the state law claims cited by PLAINTIFF.

14    As a result, PLAINTIFF'S Fourth Cause of Action  is fatally defective because

15 there is no authorizing statute, nor is one cited, which permits suits for Negligence,

16 Negligent Hiring, Training, and Supervision of Law Enforcement Officers, False Arrest

17 and Imprisonment, Intentional Infliction of Emotional Distress, Conversion, Intention

18 [sic] Interference with Pecuniary Relationship, and Defamation to be brought directly

19 against a governmental entity or its employees acting within their scope of employment,

20 such as the DEFENDANT OFFICERS.  In California, all governmental tort liability is

21 dependent on the existence of an authorizing statute or enactment.  *Gov. Code*, §§ 815

22 subd.(a), 815.6; *Searcy v. Gibbel* (1986) 177 Cal.App.3d 792; *Tolan v. State of*

23 *California Ex. Rel. Department of Transportation* (1979) 100 Cal.App.3d 980, 983;

24 *Morris v. State of California* (1979) 89 Cal.App.3d 962, 964; *Susman v. City of*

25 *Los Angeles* (1969) 269 Cal.App.2d 803, 808.  Further, to state a cause of action, every

26 fact essential to the existence of statutory liability must be pleaded with particularity,

27 including the existence of the statutory duty, itself. *Searcy, supra*, 177 Cal.App.3d at

28 802; *Susman, supra*, 269 Cal.App.2d at 808.  Duty cannot be alleged simply by stating

15

1  "defendant had a duty under the law"; that is a conclusion of law, not an allegation of

2  fact. *Ibid.*; *Rubinow v. County of San Bernardino* (1959) 169 Cal.App.2d 67, 71. Since

3  the duty of a government agency can only be created by statute or enactment, that statute

4  or enactment which a plaintiff claims to have created a statutory duty must, at the very

5  least, be identified in order for a cause of action to be maintained. *Searcy, supra*, 177

6  Cal.App.3d at 802.

7        In the instant case, the PLAINTIFF has failed to set forth any such allegations in

8  the body of the Complaint.  The TOWN is a governmental entity and, accordingly, the

9  PLAINTIFF is required to set forth a statutory basis for the legal theories of Negligence,

10 Negligent Hiring, Training, and Supervision of Law Enforcement Officers, False Arrest

11 and Imprisonment, Intentional Infliction of Emotional Distress, Conversion, Intention

12 [sic] Interference with Pecuniary Relationship, and Defamation. **California's Tort**

13 **Claims Act further provides that an action against a public employee is barred if**

14 **an action for the same injury is barred as against the public entity**. *Willis, supra,* 418

15 F.2d at 704.  Absent such statutory authority, a valid cause of action, under state law,

16 cannot be stated against the DEFENDANT OFFICERS and the Court should hereby

17 dismiss PLAINTIFF'S Fourth Cause of Action in its entirety.

18   **C.    PLAINTIFF'S Fourth Cause of Action Fails as a Matter of Law as**

19          **There Are Insufficient Facts Pled to Support Claims for False Arrest**

20          **and Imprisonment, Intentional Infliction of Emotional Distress,**

21          **Conversion, and Intention [Sic] Interference with Pecuniary**

22          **Relationship.**

23        PLAINTIFF'S Fourth Cause of Action also attempts to state claims for False

24 Arrest and Imprisonment, Intentional Infliction of Emotional Distress, Conversion, and

25 Intention [sic] Interference with Pecuniary Relationship.  Each of these claims should

26 actually be a separate cause of action and requires specific facts be pled in support

27 thereof.  Other than restating prior paragraphs of the Complaint, PLAINTIFF has failed

28 to do so, or even address those claims within the body of his Complaint.  Accordingly,

16

1  PLAINTIFF has failed to state sufficient facts to support any of these claims and they

2  should therefore be dismissed.

3  **D.    PLAINTIFF'S Cause Of Action for Defamation Is Barred By Civil**

4  **Code Section 47.**

5  The DEFENDANT OFFICERS are immune for the allegedly defamatory

6  statements referred to in the Complaint. Civil Code section 47, subdivision (d)(1) makes

7  privileged "a fair and true report in, or a communication to, a public journal, of [a] public

8  official proceeding, ... or ... anything said in the course thereof." A "public official

9  proceeding" includes a police investigation. *Howard v. Oakland Tribune* (1988) 199

10 Cal.App.3d 1124, 1128. Thus, an article or broadcast about statements made in the

11 context of a police investigation is privileged and cannot support a defamation claim.

12 *Ibid.* The privilege applies if the substance of the publication or broadcast captures the

13 gist or sting of the statements made in the official proceedings. *See Carver v. Bonds*

14 (2005) 135 Cal.App.4th 328, 351; *Balzaga v. Fox News Network, LLC* (2009)173

15 Cal.App.4th 1325, 1337, reh'g denied (June 9, 2009), review denied (Aug. 26, 2009).

16 As the alleged defamatory statements were made in relation to a police

17 investigation, the same are privileged and, as a matter of law, are not actionable.

18 Therefore, PLAINTIFF'S cause of action for Defamation should be dismissed.

19 **E.    The DEFENDANT OFFICERS Are Immune from the Alleged**

20 **Violations of State Law under California Government Code Section**

21 **821.6.**

22 The DEFENDANT OFFICERS are immune from all of the torts listed in

23 PLAINTIFF'S Fourth Cause of Action under Government Code section 821.6. Section

24 821.6 provides that:

25      A public employee is not liable for injury caused by his
         instituting or prosecuting any judicial or administrative
26      proceeding within the scope of his employment, even if he acts
         maliciously and without probable cause.

27 ///

28 ///

17

1    Here, PLAINTIFF is alleging that the DEFENDANT OFFICERS instituted a

2 judicial proceeding while acting in their capacity as police officers which caused him to

3 lose his property. (Complaint ¶15.) Even if malicious or lacking probable cause, the

4 DEFENDANT OFFICERS are immune from these State-based tort claims. Thus, it is

5 requested that these claims be dismissed as against the DEFENDANT OFFICERS,

6 without leave to amend.

7                                                  **V.**

8         **THIS COURT IS VESTED WITH THE POWER TO REQUIRE**

9                        **A MORE DEFINITE STATEMENT**

10    *Federal Rule of Civil Procedure*, Rule 12(e) sets forth the standard under which

11 a party may move the Court for an Order directing PLAINTIFF to provide a more

12 definite statement.  Rule 12(e) provides, in pertinent part:

13              A party may move for a more definite statement of a pleading
              to which a responsive pleading is allowed but which is so
14              vague or ambiguous that the party cannot reasonably prepare
              a response. The motion must be made before filing a
15              responsive pleading and must point out the defects complained
              of and the details desired.
16              *Federal Rules of Civil Procedure,* Rule 12(e).

17    The proper test in evaluation a motion for a more definite statement is whether the

18 complaint provides the defendant with a sufficient basis to frame the responsive

19 pleading. *Byrd v.  California Sup.  Ct., County of Marin,* 2009 WL 2031761 at 12(2009,

20 N.D.Cal.). A motion for a more definite statement is an appropriate device to narrow the

21 issues, to delineate the boundaries of claims asserted, and to expedite and simplify the

22 proceedings. *Scarbrough v.  R-Way Furniture Co.*, 105 F.R.D. 90, 91 (D.C.Wis. 1985).

23                                                 **VI.**

24    **DEFENDANT OFFICERS REQUEST A MORE DEFINITE STATEMENT**

25                    **AS TO ALL CAUSES OF ACTION**

26    This Motion for a More Definite Statement is appropriate to narrow the issues, to

27 delineate the boundaries of claims asserted, and to expedite and simplify the

28 proceedings. Lumping defendants and civil rights violations together under one claim

                                                    18

---

1   is a proper basis for a Motion for a More Definite Statement. *Byrd, supra,* 2009 WL

2   2031761 at 13,14 (2009, N.D.Cal.).  PLAINTIFF has failed to identify which party each

3   of his causes of action are against, preventing the DEFENDANT OFFICERS from

4   determining what claims are asserted against them, and preparing a corresponding

5   defense. There are multiple defendants in this lawsuit, including THE COUNTY OF

6   MONO, the TOWN OF MAMMOTH LAKES, MONET, SETH CLARK,

7   TIMOTHY WALTER KENDALL, PAUL ROBLES, and RICK MOBERLY. However,

8   none of the causes of action specify which entity or officer they are alleged against. This

9   failure is compounded by the fact that the only allegations of any conduct at all are

10   alleged only against SETH CLARK in the Complaint. Therefore, it is requested that

11   PLAINTIFF set forth the parties which he is alleging each cause of action against, so that

12   they may prepare a defense.

13       Moreover, PLAINTIFF has lumped multiple claims into his Second and Fourth

14   Causes of Action. PLAINTIFF'S Second Cause of Action contains both claims for

15   Unauthorized Access to a Protected Computer with Intent to Defraud and Obtain

16   Something of Value in Violation of 18 U.S.C. § 1030(a)(4), and Theft of Trade Secrets

17   Under 18 U.S.C. §§ 1832(a)(1), 1832(a)(2), and 1832(a)(3). However, these two statutes

18   are for entirely different crimes with different elements and procedural requirements as

19   discussed above. Pleading these two crimes together results in undue prejudice to the

20   DEFENDANT OFFICERS.  For instance, a motion for summary adjudication would not

21   be effective at eliminating the theft claim where it could be shown that there was an

22   unauthorized use of the PLAINTIFF'S computer.  This is due to the fact that a motion

23   for summary adjudication must completely dispose of a cause of action.

24       Furthermore, PLAINTIFF'S Fourth Cause of Action also improperly lumps at least

25   8 torts together in one claim against unspecified defendants. These torts include:

26   Negligence, Negligent Hiring, Training, and Supervision of Law Enforcement Officers,

27   False Arrest and Imprisonment, Intentional Infliction of Emotional Distress, Conversion,

28   Intention [sic] Interference with Pecuniary Relationship, and Defamation. However,

NOTICE OF MOTION AND MOTION BY PAUL ROBLES AND RICK MOBERLYTO DISMISS FOR FAILURE TO STATE CLAIM UPON
WHICH RELIEF CAN BE GRANTED (F.R.Civ.P. Rule 12(b)(1)&(6)) & MOTION FOR A MORE DEFINITE STATEMENT

under state law, these are all separate and distinct torts. Pleading these two torts together results in undue prejudice to the DEFENDANT OFFICERS for the reasons stated above. Thus, in order to delineate the boundaries of claims asserted, and to expedite and simplify the proceedings, the DEFENDANT OFFICERS request an Order compelling the PLAINTIFF to separate all of the claims asserted in his Second and Fourth Causes of Action into separate and distinct causes of action.

## VII.  CONCLUSION

For the reasons stated above, the DEFENDANT OFFICERS respectfully request that the Court dismiss all of PLAINTIFF'S claims from PLAINTIFF'S Complaint.

Additionally, it is requested that PLAINTIFF be ordered to separately allege each claim as a separate cause of action with specific allegations against the individual defendants.

DATED: August 5, 2011                    CIHIGOYENETCHE, GROSSBERG & CLOUSE

By: _____
SCOTT N. GROSSBERG
Attorneys for Defendants
TOWN OF MAMMOTH LAKES,
PAUL ROBLES and RICK MOBERLY

## <u>DECLARATION OF SCOTT J. GROSSBERG</u>

I, SCOTT J. GROSSBERG, state and declare as follows:

1.      That I am an attorney duly licensed to practice law before all the Courts of the State of California and the Federal Court where this action is based; that I am a partner in the law firm of Cihigoyenetche, Grossberg & Clouse, counsel of record for Defendants TOWN OF MAMMOTH LAKES, PAUL ROBLES and RICK MOBERLY; and that I am one of the individuals responsible for the handling of this matter and, therefore, I have personal knowledge of the facts set forth herein and would and could so testify if called upon to do so.

2.      That in reviewing PLAINTIFF'S Complaint, I determined that the pleadings were subject to a Motion to Dismiss. That neither this office nor my clients have brought these pleadings to harass, annoy, vex or embarrass any party or other counsel.

3.      That attached hereto as Exhibit 1 is a true and correct copy my letter to William R. Crosby dated June 20, 2011, and the Waiver of the Service of Summons forms executed by me on behalf of Rick Moberly and Paul Robles on June 16, 2011 transmitted with the letter.

4.      On June 23, 2011, my office attempted to telephone PLAINTIFF in order to meet and confer concerning the Motion to Dismiss prepared for the TOWN OF MAMMOTH LAKES. PLAINTIFF did not answer the call, but a detailed message was left for him, stating that we would like to discuss the deficiencies in his Complaint. Thereafter, Mr. Crosby sent me an email indicating that he only wanted to communicate in writing.  Thus, a personal meet and confer with him, by telephone, in regards to the present Motion to Dismiss filed on behalf of the DEFENDANT OFFICERS is not feasible. Therefore, a letter outlining the deficiencies in his Complaint was sent to Mr. Crosby on August 4, 2011, a true and correct copy of which is attached hereto as Exhibit 2.

///

///

21

1      I declare under penalty of perjury under the laws of the United States of America

2  that the foregoing is true and correct.

3      Executed this 5th day of August, 2011, at Rancho Cucamonga, California.

SCOTT J. GROSSBERG, Declarant

NOTICE OF MOTION AND MOTION BY PAUL ROBLES AND RICK MOBERLY TO DISMISS FOR FAILURE TO STATE CLAIM UPON
WHICH RELIEF CAN BE GRANTED (F.R.Civ.P. Rule 12(b)(6)) & MOTION FOR A MORE DEFINITE STATEMENT

# EXHIBIT 1



**Cihigoyenetche**
**Grossberg**
**Clouse**
Attorneys at Law
A Partnership of Professional Corporations

June 20, 2011

Mr. William R. Crosby
282 Ridgecrest Drive
P.O. Box 5061
Mammoth Lakes, CA 93546

>    Re:   ***Crosby v. Town of Mammoth Lakes, et al.***
>          *Member City: Town of Mammoth Lakes*
>          *Carl Warren File No.: 1549826*
>          *Date of Incident: 12/28/10*
>          *USDC Eastern District Case No.: 2:11-CV-01458-KJM-EFB*

Dear Mr. Crosby:

Enclosed please find the Waivers of the Service of Summons to Officers Rick Moberly and Paul Robles. Both forms have been executed by me on behalf of the individual officers in my capacity as their attorney of record, and are returned to you for filing with the Court. In accordance with the terms set forth in the Waivers, Officers Moberly and Robles are permitted 60 days from June 7, 2011 in which to respond to your complaint, which is up to and including August 8, 2011.

Should you have any questions, please feel free to contact our office.

Sincerely yours,

CIHIGOYENETCHE, GROSSBERG & CLOUSE

SCOTT J. GROSSBERG

SJG/ds
Enclosures

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | | |
|---|---|---|
| WILLIAM R. CROSBY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:11:CV:1458:KJM:EFB(PS) |
| THE COUNTY OF MONO et.al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  WILLIAM R. CROSBY
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from    June 7, 2011                        , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  June 16, 2011

         Rick Moberly
   *Printed name of party waiving service of summons*

*Signature of the attorney or unrepresented party*

Scott J. Grossberg
*Printed name*
Cihigoyenetche, Grossberg & Clouse
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
*Address*

sgrossberg@cgclaw.com
*E-mail address*

909-483-1850
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

   If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

   If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the
Eastern District of California

WILLIAM R. CROSBY _____ )
_____ *Plaintiff* _____ )
v. )   Civil Action No. 2:11:CV:1458:KJM:EFB(PS)
THE COUNTY OF MONO et.al. _____ )
_____ *Defendant* _____ )

## WAIVER OF THE SERVICE OF SUMMONS

To:  WILLIAM R. CROSBY _____
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _June 7, 2011_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _June 16, 2011_____            _____
                                              *Signature of the attorney or unrepresented party*

    Paul Robles _____              Scott V. Grossberg _____
*Printed name of party waiving service of summons*         *Printed name*

                                              Cihigoyenetche, Grossberg & Clouse
                                              8038 Haven Avenue, Suite E
                                              Rancho Cucamonga, CA 91730
                                              _____ *Address*_____

                                              sgrossberg@cgclaw.com _____
                                              _____ *E-mail address*_____

                                              909-483-1850 _____
                                              _____ *Telephone number*_____

### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# EXHIBIT 2



August 4, 2011

Mr. William R. Crosby
282 Ridgecrest Drive
P.O. Box 5061
Mammoth Lakes, CA 93546

> Re:   ***Crosby v. Town of Mammoth Lakes, et al.***
> *Member City: Town of Mammoth Lakes*
> *Carl Warren File No.: 1549826*
> *Date of Incident: 12/28/10*
> *USDC Eastern District Case No.: 2:11-CV-01458-KJM-EFB*

Dear Mr. Crosby:

Please allow this correspondence to serve as a formal meet and confer attempt over several defects in your Complaint as against Officers Robles and Moberly. This attempt is being made via a letter as you previously indicated to my office that you would like all communications to be in writing. As you are aware, my office represents the Town of Mammoth Lakes and Officers Robles and Moberly in this matter.

Simply, with respect to your litigation against Officers Robles and Moberly, we find that your Complaint is defective in that:

1. Your claim under 42 U.S.C.A. §1983 fails as a matter of law as against Officers Robles and Moberly as there are insufficient facts pled to support such a claim as no specific unconstitutional act is alleged against either officer;

2. Your Second Cause of Action fails as you do not have standing to bring a claim under 18 U.S.C.A. § 1832 and there are insufficient facts pled to support a claim under Section 1832 and Section 1030;

3. Your claim under 18 U.S.C.A. § 1962 fails as a matter of law as against Officers Robles and Moberly as there are insufficient facts pled to support such a claim;

4. Your State-based tort claims fail as a matter of law as against Officers Robles and Moberly as you failed to allege compliance with the Tort Claims Act and, hence, failed to exhaust your administrative remedies; and

5. Your State-based tort claims fail as a matter of law as against Officers Robles and Moberly as they are immune from liability and there are insufficient facts pled to support such a claim; and

*Mr. William R. Crosby*
*Re:*   ***Crosby v. Town of Mammoth Lakes, et al.***
*August 4, 2011*
*Page 2*

6.     You failed to separately allege each claim as a separate cause of action with specific allegations against the individual defendants. You must specifically set forth each cause of action and allege who is alleged to have violated each specific cause of action.

Accordingly, I have prepared a Motion to Dismiss on behalf of Officers Robles and Moberly. The hearing on that matter is currently scheduled to take place, as follows:

*Motion to Dismiss*
Date:   September 7, 2011
Time:   10:00 a.m.
Place:  United States District Court, Eastern District of California (Sacramento)
        Courtroom 24

In order to avoid law and motion and in the spirit of cooperation, and in light of the fact that you did not allege any specific claims against Officers Robles and Moberly, I request that you dismiss Officers Robles and Moberly from this lawsuit immediately. If this is done, I will have the Motion to Dismiss filed on behalf of Officers Robles and Moberly removed from the Court's calendar.

Of course, should you have any questions or comments regarding the foregoing, please do not hesitate to contact us.

Sincerely yours,

CIHIGOYENETCHE, GROSSBERG & CLOUSE

SCOTT J. GROSSBERG

SJG:JEB/ds

Cihigoyenetche, Grossberg & Clouse
Virginia Dare Center • 8038 Haven Avenue, Suite E, Rancho Cucamonga, CA 91730
Telephone: 909-483-1850 • Fax: 909-483-1840
www.cgclaw.com

*Crosby v. County of Mono, et al.*
*Case No. 2:11-CV-01458-KJM-EFB*

## PROOF OF SERVICE

STATE OF CALIFORNIA -- COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California.  I am over the age of 18 and not a party to the within action; my business address is 8038 Haven Avenue, Suite E, Rancho Cucamonga, CA 91730.

On **August 5, 2011**, I served the foregoing document described as **NOTICE OF MOTION AND MOTION BY PAUL ROBLES AND RICK MOBERLY TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.Civ.P. Rule 12(b)(6)) & MOTION FOR A MORE DEFINITE STATEMENT** on the interested parties in this action as follows:

/ /   **BY ELECTRONIC FILING AND SERVICE with the Clerk of the Court using the CM/ECF System: (FRCP 5(b)(2)(D)):** In accordance with FRCP 5(b)(2)(D) and the above-entitled Court's Local Rules, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/X/   **BY MAIL (C.C.P. §§ 1013(a)):** By placing the document listed above in a sealed envelope addressed to the parties set forth on the attached Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Rancho Cucamonga, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

/X/   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 5, 2011**, at Rancho Cucamonga, California.

DENISE SCHWOB

23

*Crosby v. County of Mono, et al.*
*Case No. 2:11-CV-01458-KJM-EFB*

SERVICE LIST

William R. Crosby                    ***Plaintiff In Pro Se***
282 Ridgecrest Drive
P.O. Box 5061
Mammoth Lakes, CA  93546
(760) 914-1870/phone

24