MARJORIE E. MANNING, SBN 118643
**BOLLING & GAWTHROP**
A Professional Corporation
8880 Cal Center Drive, Suite 190
Sacramento, California 95826
Telephone No. (916) 369-0777
Telecopier No. (916) 369-2698
E-mail: mem@bwg-inc.com

Attorneys for Defendants County of Mono, Seth Clark,
and Timothy Walter Kendall

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM R. CROSBY, an individual,

Plaintiff,

v.

COUNTY OF MONO, THE TOWN OF MAMMOTH LAKES, a Municipal Corporation, MONET, a form of entity unknown, SETH CLARK, an individual, TIMOTHY WALTER KENDALL, an individual, PAUL ROBLES, an individual, RICK MOBERLY, an individual, and DOES 1 to 10, inclusive,

Defendants.
_____/

CASE NO. 2:11-CV-1458 KJM EFB (PS)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT (F.R.C.P. 12(b)(6))**

**DATE:** September 28, 2011
**TIME:** 10:00 a.m.
**CRTRM:** 24

BOLLING &
GAWTHROP
A Professional
Corporation

1

TABLE OF CONTENTS

2   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3   STANDARDS GOVERNING DEFENDANTS' MOTION . . . . . . . . . . . . . . . . . . . . . . . . . 1

4   FACTS ALLEGED IN PLAINTIFF'S COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

6   I.   NO VIABLE FEDERAL OR STATE CLAIM IS ALLEGED AGAINST
         DEFENDANT TIMOTHY KENDALL . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7

8   II.  THE FIRST CAUSE OF ACTION DOES NOT STATE A VIABLE CIVIL
         RIGHTS CLAIM AGAINST MOVING DEFENDANTS
         . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9
         A.   The Facts Do Not Show An Unconstitutional
10            Arrest Or Search . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11            B.   The Facts Do Not Show Excessive Force . . . . . . . . . . . . . . . . . . 5

12            C.   The Facts Do Not Show Unlawful Detention . . . . . . . . . . . . . . . 5

13            D.   The Facts Do Not Show A Deprivation Of Procedural
                   Due Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
14
              E.   No Viable Municipal Liability Claim Is Alleged
15                 Against Mono County . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

16  III. THE SECOND CAUSE OF ACTION DOES NOT STATE A VIABLE CLAIM
         AGAINST MOVING DEFENDANTS UNDER THE ELECTRONIC
17       ESPIONAGE ACT OR THE COMPUTER FRAUD AND ABUSE ACT . . . 7

18            A.   There Is No Private Right Of Action Under § 1832 . . . . . . . . . . . . . 8

19            B.   No Viable Claim Is Alleged Under § 1030 . . . . . . . . . . . . . . . . . . . 8

20  IV.  THE THIRD CAUSE OF ACTION DOES NOT STATE A RICO CLAIM
         AGAINST MOVING DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
21
    V.   THE COMPLAINT DOES NOT ALLEGE A VIABLE STATE TORT CLAIM
22       AGAINST MOVING DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

23  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

24

25

26

27

28

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

ATPAC, Inc. v. Aptitude Solutions, Inc.
  730 F. Supp. 2d 1174 (E.D. Cal. 2010) ............................................................ 8, 10

Allen v. City of Portland
  73 F.3d 232 (9th Cir. 1995) ........................................................................... 4, 5

Arpin v. Santa Clara Valley Transportation Agency
  261 F.3d 912 (9th Cir. 2001) ........................................................................... 1

Associated General Contractors v. California State Council of Carpenters
  459 U.S. 519 (1983) ........................................................................................ 2

Avalos v. Baca
  596 F.3d 583 (9th Cir. 2010) ......................................................................... 10

Baker v. McCollan
  443 U.S. 137 (1979) ........................................................................................ 5

Barnett v. Centoni
  31 F.3d 813 (9th Cir. 1994) ............................................................................ 7

Bell Atlantic Corp. v. Twombly
  550 U.S. 544 (2007) ........................................................................................ 1

Canyon County v. Syngenta Seeds, Inc.
  519 F.3d 969 (9th Cir. 2008) ......................................................................... 10

Collins v. City of Harker Heights
  503 U.S. 115 (1992) ........................................................................................ 4

County of Riverside v. McLaughlin
  500 U.S. 44 (1991) .......................................................................................... 6

Forrester v. City of San Diego
  25 F.3d 804 (9th Cir. 1994) ............................................................................ 5

Gerstein v. Pugh
  420 U.S. 103 (1975) ........................................................................................ 6

Gonzaga University v. Doe
  536 U.S. 273 (2002) ........................................................................................ 8

Graham v. Connor
  490 U.S. 386 (1989) ........................................................................................ 4

Hudson v. Palmer
  468 U.S. 517 (1984) ........................................................................................ 7

Hufford v. McEnaney
  249 F.3d 1142 (9th Cir. 2001) ........................................................................ 6

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Imbler v. Pachtman*
    424 U.S. 409 (1976) ................................................................................. 3

*Jones v. City of Santa Monica*
    382 F.3d 1052 (9th Cir. 2004) ............................................................. 6

*Koch Industries, Inc. v. Does 1-25*
    2011 U.S. Dist. LEXIS 49529 (D. Utah 2011) ................................... 8

*LVRC Holdings LLC v. Brekka*
    581 F.3d 1127 (9th Cir. 2009) ............................................................. 8

*Lancaster Community Hospital v. Antelope Valley Hospital District*
    940 F.2d 397 (9th Cir. 1991) ......................................................... 10, 11

*Larson v. Neimi*
    9 F.3d 1397 (9th Cir. 1993) ................................................................. 4

*Lassiter v. City of Bremerton*
    556 F.3d 1049 (9th Cir. 2009) ............................................................. 5

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) ............................................................... 4

*Miller v. Yokohama*
    358 F.3d 616 (9th Cir. 2004) ............................................................. 10

*Monell v. New York City Department of Social Services*
    436 U.S. 658 (1979) ............................................................................. 7

*Moore v. Kayport Express, Inc.*
    885 F.2d 531 (9th Cir. 1989) ............................................................. 10

*N. L. Industries, Inc. v. Kaplan*
    792 F.2d 896 (9th Cir. 1986) ............................................................... 1

*Nadell v. Las Vegas Metropolitan Police Department*
    268 F.3d 924 (9th Cir. 2001) ............................................................... 7

*Oviatt v. Pearce*
    954 F.2d 1470 (9th Cir. 1992) ............................................................. 7

*Robertson v. Dean Witter Reynolds, Inc.*
    749 F.2d 530 (9th Cir. 1984) ............................................................... 4

*Roe v. City and County of San Francisco*
    109 F.3d 578 (9th Cir. 1997) ............................................................... 3

*Sanders v. City of San Diego*
    93 F.3d 1423 (9th Cir. 1996) ............................................................... 6

*Sanford v. Memberworks, Inc.*
    625 F.3d 550 (9th Cir. 2010) ......................................................... 10, 11

/ / /

*Smith v. City of Hemet*
    394 F.3d 689 (9th Cir. 2005) ............................................................. 5

*St. Louis v. Praprotnik*
    485 U.S. 112 (1988) ............................................................. 7

*Sweeney v. Ada County*
    119 F.3d 1385 (9th Cir. 1997) ............................................................. 7

*Texas v. Brown*
    460 U.S. 730 (1983) ............................................................. 5

*United States v. Adjani*
    452 F.3d 1140 (9th Cir. 2006) ............................................................. 8

*In Re Verifone Securities Litigation*
    11 F.3d 865 (9th Cir. 1993) ............................................................. 1

*White v. Pierce County*
    797 F.2d 812 (9th Cir. 1986) ............................................................. 5

**STATE CASES**

*Briggs v. Lawrence*
    230 Cal. App. 3d 605 (1991) ............................................................. 12

*County of Los Angeles v. Superior Court*
    181 Cal. App. 4th 218 (2009) ............................................................. 3

*Gillam v. City of San Marino*
    147 Cal. App. 4th 1033 (2007) ............................................................. 3

*Shirk v. Vista Unified School District*
    42 Cal. 4th 201 (2007) ............................................................. 12

*State of California v. Superior Court*
    32 Cal. 4th 1234 (2004) ............................................................. 12

**FEDERAL STATUTES**

18 U.S.C. § 1030 ............................................................. 7, 9

18 U.S.C. § 1341 ............................................................. 10

18 U.S.C. § 1832 ............................................................. 7, 8

18 U.S.C. § 1836 ............................................................. 8

18 U.S.C. § 1961 ............................................................. 10

18 U.S.C. § 1962 ............................................................. 10

42 U.S.C. § 1983 ............................................................. 4

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1

## FEDERAL RULES

2 | F.R.C.P. Rule 9 ............................................................................................................10

3 | F.R.C.P. Rule 12............................................................................................................1

4

## STATE STATUTES

5 | Government Code § 821.6 ........................................................................................... 3

6 | Government Code § 905.............................................................................................12

7 | Government Code § 945.............................................................................................12

8 | Government Code § 945.4.... ................................................................... ... 12

9 | Government. Code § 950.2 ..................................................................... 12

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1     Defendants County of Mono, Seth Clark and Timothy Walter Kendall submit the following

2     memorandum of points and authorities in support of their motion to dismiss plaintiff's complaint.

3                                   **INTRODUCTION**

4           In December 2010, William Crosby was stopped by a law enforcement officer of Mono

5     County.  His person and vehicle were searched, and Crosby was arrested and transported to the

6     County jail.  He was charged with possession of marijuana for sale, and his "personal property"

7     (which the complaint declines to identify) was confiscated.  His home was searched as well, and

8     computer data including "source lists" was downloaded.

9           In May 2011, after he claims the charges against him were "dropped," Crosby filed this

10    lawsuit against Mono County, the officer who arrested him (Seth Clark), the prosecutor who dropped

11    the charges against him (Timothy Kendall), and other persons and entities.  The complaint consists

12    almost entirely of conclusions and characterizations of conduct.  To the extent any facts are alleged,

13    it appears to be plaintiff's theory that because the arresting officer did not "see" evidence of

14    commission of a crime and Crosby denies having committed a crime, the arrest, detention, and

15    seizure of property were unconstitutional.  Plaintiff also concludes, based on the same skeletal facts

16    (or as to some claims, no facts at all), that defendants are guilty of electronic espionage, racketeering,

17    and a host of state law torts.  As is addressed below, the complaint challenged by this motion is

18    woefully insufficient to state a viable claim against any of the moving defendants.

19                **STANDARDS GOVERNING DEFENDANTS' MOTION**

20           Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that the defense of failure to

21    state a claim upon which relief can be granted may be raised by motion.  In considering a motion to

22    dismiss, the court accepts as true all material allegations in the complaint and reasonable inferences

23    drawn therefrom, and construes the pleading in the light most favorable to the nonmoving party.  *N.*

24    *L. Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986).  However, conclusory allegations,

25    unwarranted inferences, legal characterizations and formulaic recitations of the elements of a cause

26    of action are insufficient to defeat the motion.  *In Re Verifone Securities Litigation,* 11 F.3d 865, 868

27    (9th Cir. 1993); *Arpin v. Santa Clara Valley Transportation Agency,* 261 F.3d 912, 923 (9th Cir.

28    2001); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  In addition, the court may not

1 | assume that the plaintiff "can prove facts that [he] has not alleged or that the defendants have

2 | violated [the law] in ways that have not been alleged." *Associated General Contractors v. California*

3 | *State Council of Carptenters,* 459 U.S. 519, 526 (1983).

4 | <center>**FACTS ALLEGED IN PLAINTIFF'S COMPLAINT**</center>

5 | Stripped of ubiquitous conclusions, the pleading alleges the following facts.  On December

6 | 28, 2010 at approximately 2:30 p.m., plaintiff William R. Crosby ("Crosby") was driving northbound

7 | on US Highway 395 in a vehicle owned by him.  Complaint ("Cplt"), ¶ 17.  The vehicle was stopped

8 | by Seth Clark ("Clark"), a Mono County law enforcement officer who was traveling in an unmarked

9 | car.  Cplt., ¶¶ 14, 18.  Crosby claims that he "violated no law" and that Clark had not "seen" any

10 | evidence to indicate an offense had been committed.  Cplt., ¶ 18.  Crosby and his vehicle were

11 | searched without his permission.  He was placed in custody and transported to the Bridgeport Station

12 | of the Mono County Sheriff's Department.  Cplt., ¶¶ 19, 20.  There he was "interrogated" and his

13 | vehicle searched again.  Cplt., ¶ 22.  During the search, "private property" belonging to Crosby was

14 | seized.  Cplt., ¶ 23.  Crosby's home also was searched without permission and more "personal

15 | property" was seized.  Cplt., ¶¶ 24, 25.  Information was downloaded from his computer onto

16 | "portable media devices."  Cplt., ¶ 39.  As a result of these searches, Crosby's property was

17 | impounded, he was detained for approximately five hours, and he was charged with possession of

18 | marijuana for sale.  Cplt., ¶¶ 26-28.

19 | On January 10, 2011, Crosby was brought before Mono County Superior Court Judge Eller

20 | "upon the charge of possession of marijuana for sale."   District Attorney Timothy Kendall

21 | ("Kendall") did not appear and the arraignment was continued.  Cplt., ¶ 31.  After numerous

22 | additional appearances, Crosby still was not arraigned and Kendall "dropped the charges." Cplt., ¶

23 | 32.

24 | On January 14, 2011, unidentified "defendants" caused to be published in two local newspapers

25 | and on news websites an allegedly false statement that Crosby had sold marijuana outside state medical

26 | marijuana guidelines.  Cplt., ¶¶ 75, 76.  The publication "implied" that Crosby was "involved with

27 | various crimes such a [sic] selling cocaine and dealing in forged DVDs." Cplt., ¶ 75.

28 | / / /

<center>2</center>
<center>MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS</center>

1

## ARGUMENT

2

## I.

3 **NO VIABLE FEDERAL OR STATE CLAIM IS ALLEGED AGAINST DEFENDANT TIMOTHY KENDALL**

4

5        The complaint contains only four facts addressing defendant Timothy Walter Kendall: (1)

6   he resides in Mono County; (2) he was employed by the County as a law enforcement officer,

7   specifically, the District Attorney; (3) he did not appear at the hearing(s)s at which Crosby was

8   scheduled to be arraigned on the charge of possession of marijuana for sale; and (4) he dropped the

9   criminal charges against Crosby. Cplt., ¶¶ 7, 14, 31, 32, 72, 73.

10        It is difficult to imagine how plaintiff envisions that living in or being employed by Mono

11   County, or not appearing at a hearing and then dropping criminal charges, could provide the basis

12   for a lawsuit against anyone. But whatever Mr. Crosby had in mind when drafting his complaint,

13   the fact remains that prosecutors are absolutely immune from suit when functioning as prosecutorial

14   advocates. *Imbler v. Pachtman,* 424 U.S. 409, 430-431 (1976). That immunity encompasses the

15   decision to prosecute, even if motivated by personal animus (*Roe v. City and County of San*

16   *Francisco,* 109 F.3d 578, 583-584 (9th Cir. 1997)), actually initiating prosecution, and all other

17   conduct intimately associated with the judicial phase of the criminal process (*Imbler, supra,* 424 U.S.

18   at pp.430-431).

19        The same immunity applies under state law. California Government Code section 821.6

20   provides that a public employee is not liable for injury caused by his or her instituting or prosecuting

21   any judicial or administrative proceeding within the scope of employment, even if such conduct is

22   undertaken with malice and without probable cause. The statute is construed broadly in furtherance

23   of the goal of protecting public employees in the performance of their duties from the threat of

24   harassment through civil actions. *Gillam v. City of San Marino,* 147 Cal.App.4th 1033, 1048 (2007);

25   *County of Los Angeles v. Superior Court,* 181 Cal.App.4th 218, 229 (2009). To the extent the

26   complaint mentions Mr. Kendall at all, it alleges conduct absolutely immune from liability under

27   federal and state law.

28   ///

## II.

## THE FIRST CAUSE OF ACTION DOES NOT STATE A VIABLE CIVIL RIGHTS CLAIM AGAINST MOVING DEFENDANTS

The first cause of action purports to advance a civil rights claim under 42 U.S.C. section 1983. To establish a prima facie case under section 1983, the plaintiff must prove that the defendant, acting under color of state law, deprived him of a right guaranteed by the United States Constitution or a federal statute. *Collins v. City of Harker Heights,* 503 U.S. 115, 120 (1992). Since section 1983 is not itself a source of substantive rights, the specific federal right allegedly infringed must be identified and the validity of the plaintiff's claim then judged by reference to the standards governing that right. *Graham v. Connor,* 490 U.S. 386, 393-394 (1989). The complaint here **concludes** that defendants deprived Crosby of his liberty and property in violation of the Fourth, Fifth and Fourteenth Amendments. Cplt., ¶ 14. However, in evaluating the sufficiency of the pleading, the court must focus on the **factual** allegations of the complaint and determine not only that the plaintiff has described a legitimate federal right at stake, but also that unconstitutional conduct by the state deprived him of that right. *Collins, supra,* 503 U.S. at p. 124. Dismissal is appropriate where no cognizable legal theory is advanced. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984). Such is the case here.

### A.    The Facts Do Not Show An Unconstitutional Arrest Or Search

The complaint alleges that Crosby was wrongfully arrested and his home and vehicle searched in violation of the due process clause of the Fifth or Fourteenth Amendment. See Cplt., ¶ 33. The due process clause of the Fifth Amendment applies only to actions taken by federal actors. *Lee v. City of Los Angeles,* 250 F.3d 668, 687 (9th Cir. 2001). This complaint identifies no federal actors. Furthermore, a claim for wrongful search and seizure is reviewed under the Fourth Amendment's "reasonableness" standard, not under the substantive due process clause of the Fourteenth Amendment. *Larson v. Neimi,* 9 F.3d 1397, 1400 (9th Cir. 1993). The "reasonableness" of a search or seizure is determined by the existence of probable cause. *Allen v. City of Portland,* 73 F.3d 232, 235 (9th Cir. 1995). In other words, a 1983 claim for wrongful search and seizure may be cognizable under the Fourth Amendment if the defendant acted without probable cause. *Larson,*

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1 | *supra,* 9 F.3d at p. 1400.

2 |       According to the complaint, Crosby was arrested and his person and property were searched

3 | "without probable cause." This is a legal conclusion, not a statement of fact. And the facts offered

4 | as the basis for the conclusion are that Deputy Clark did not "see" evidence of commission of a

5 | crime and Crosby purportedly did not commit a crime. Cplt., ¶ 18. Neither "fact" reflects

6 | unconstitutional conduct. Probable cause to arrest exists when the facts and circumstances within

7 | the officer's knowledge are sufficient to cause a reasonably prudent person to believe that a crime

8 | has been committed. *Lassiter v. City of Bremerton,* 556 F.3d 1049, 1053 (9th Cir. 2009). Probable

9 | cause to search or seize requires only that the facts available to the officer would "warrant a man of

10 | reasonable caution in the belief . . . that certain items may be contraband . . . or useful as evidence

11 | of a crime." *Allen, supra,* 73 F.3d at p. 235. There is no additional requirement that the officer's

12 | belief be correct. *Ibid.,* quoting *Texas v. Brown,* 460 U.S. 730, 742 (1983).

13 | **B.**    **The Facts Do Not Show Excessive Force**

14 |       Crosby alleges that during the search on December 28, 2010, unidentified "defendants"

15 | "abused him/her both physically and verbally." Cplt., ¶ 19. If that allegation is intended to advance

16 | an excessive force claim, it does not. The right to be free of excessive force by police officers during

17 | arrest is guaranteed by the Fourth Amendment. *White v. Pierce County,* 797 F.2d 812, 816 (9th Cir.

18 | 1986). Thus an allegation that law enforcement officers used excessive force in the course of arrest

19 | is analyzed under the Fourth Amendment's "reasonableness" standard. *Smith v. City of Hemet,* 394

20 | F.3d 689, 700 (9th Cir. 2005). The pertinent inquiry is whether the amount of force applied was

21 | objectively reasonable under the circumstances. *Forrester v. City of San Diego,* 25 F.3d 804, 806

22 | (9th Cir. 1994). The complaint here does not describe any force, much less unreasonable force –

23 | plaintiff simply **concludes** that he was "abused."

24 | **C.**    **The Facts Do Not Show Unlawful Detention**

25 |       Crosby alleges that as a result of "defendants' malicious charges," he was detained for five

26 | hours and thus deprived of liberty without due process of law. Cplt., ¶¶ 27, 33. These contentions

27 | fall far short of describing unconstitutional conduct. Absent a cognizable claim for wrongful arrest,

28 | a plaintiff generally cannot advance a 1983 claim for false imprisonment. *See Baker v. McCollan,*

1   443 U.S. 137, 142-145 (1979).  As noted above, Crosby alleges no facts to support a claim for

2   wrongful arrest. Nor do the facts support the conclusion that Crosby was unconstitutionally detained

3   following arrest. The Fourth Amendment requires a judicial determination of probable cause, either

4   before or promptly after a warantless arrest, as a prerequisite to extended detention. *Gerstein v.*

5   *Pugh,* 420 U.S. 103, 125-126 (1975). While the duration of permissible detention may vary

6   somewhat depending upon the circumstances, there is a presumption that release or a judicial

7   determination of probable cause within 48 hours following arrest comports with constitutional

8   imperatives. *County of Riverside v. McLaughlin,* 500 U.S. 44, 53-55 (1991); *Jones v. City of Santa*

9   *Monica,* 382 F.3d 1052, 1055-1057 (9th Cir. 2004). Here, the complaint is silent as to the circumstances

10  surrounding Crosby's release, e.g., whether he posted bail or was released without bail following

11  processing, or whether a probable cause determination occurred prior to release. But assuming he was

12  arrested without a warrant (which is not alleged), the complaint concedes he was released five hours later.

13  The duration of Crosby's detention was a fraction of that deemed presumptively reasonable under

14  controlling authority, and no facts suggest the duration was unreasonable.

15  **D.    The Facts Do Not Show A Deprivation Of Procedural Due Process**

16          Crosby claims his "personal property" was wrongfully seized and impounded. The Fourteenth

17  Amendment bars states from depriving persons of property without due process of law. A procedural

18  due process claim has two distinct elements (1) the deprivation of a constitutionally protected liberty

19  or property interest, and (2) denial of adequate procedural protections. *Hufford v. McEnaney,* 249

20  F.3d 1142, 1150 (9th Cir. 2001). The complaint here fails with respect to both elements.

21          Assuming that Crosby had a constitutionally protected property interest in the property

22  seized,[1] an officer's seizure of property in a criminal case satisfies the constitutional requirement of

23  procedural due process unless the conduct occurred in violation of the Fourth Amendment. *Sanders*

24  *v. City of San Diego,* 93 F.3d 1423, 1427 (9th Cir. 1996); see also *Gerstein v. Pugh, supra,* 420 U. S.

25  at p. 125 n. 27 ("The Fourth Amendment was tailored explicitly for the criminal justice system, and

26  its balance between individual and public interests always has been thought to define the 'process that

27  _____

28          [1] The complaint states that defendants "and others" "allowed to be removed the following
    personal property from plaintiff's automobile and his home" but then identifies nothing. Cplt., ¶ 29.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  is due' for seizures of person or property in criminal cases"). As discussed above, Crosby **concludes**

2  his property was wrongfully seized, but no facts are alleged to support that conclusion.

3        Furthermore, there can be no section 1983 claim for unauthorized deprivation of property if

4  the plaintiff has an adequate post-deprivation state remedy. See *Hudson v. Palmer,* 468 U.S. 517, 533

5  (1984). It is established that the California Tort Claims Act provides an adequate post-deprivation

6  remedy for unauthorized taking of property. *Barnett v. Centoni,* 31 F.3d 813, 816-817 (9th Cir. 1994).

7  Crosby fails to allege the absence of an adequate state remedy and he fails to allege compliance with

8  the claims presentation requirements of the Tort Claims Act.

9  **E.    No Viable Municipal Liability Claim Is Alleged Against Mono County**

10        In evaluating a section 1983 claim, the acts of the municipality must be distinguished from

11  the acts of its agents, since civil rights liability may not be based on *respondeat superior. Monell v.*

12  *New York City Department of Social Services,* 436 U.S. 658, 691 (1979). Local government can be

13  held responsible when, and only when, the entity's official policies or customs cause its employees

14  to violate another person's constitutional rights. *St. Louis v. Praprotnik,* 485 U.S. 112, 122-123

15  (1988). Thus a municipal liability claim requires, among other elements, facts showing that a

16  constitutional violation occurred and that the entity's custom or policy was the moving force behind

17  the violation. *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir. 1992); *Sweeney v. Ada County,* 119

18  F.3d 1385, 1392 (9th Cir. 1997). This complaint identifies no policy or custom of Mono County

19  whatsoever, much less one that was the moving force behind defendants' conduct. The municipal

20  liability claim is deficient on that basis alone, irrespective of Crosby's failure to show a constitutional

21  violation. See *Nadell v. Las Vegas Metro. Police Dept.,* 268 F.3d 924, 929 (9th Cir. 2001).

22                                        **III.**

23  **THE SECOND CAUSE OF ACTION DOES NOT STATE A VIABLE CLAIM
AGAINST MOVING DEFENDANTS UNDER THE ELECTRONIC ESPIONAGE ACT**
24  **OR THE COMPUTER FRAUD AND ABUSE ACT**

25        In essence, the second cause of action alleges that unidentified "defendants" and other

26  unidentified individuals downloaded and used information from plaintiff's computer database in

27  violation of 18 U.S.C. section 1832 (part of the Electronic Espionage Act) and 18 U.S.C. section 1030

28  (part of the Computer Fraud and Abuse Act ["CFAA"]). No viable claim is pled under either statute.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1   **A.     There Is No Private Right Of Action Under § 1832**

2          Even if the complaint alleged facts to support the elements of an electronic espionage claim,

3   which it does not, 18 U.S.C. section 1832 is a criminal statute prohibiting theft of trade secrets and

4   providing for the imposition of monetary fines against and/or imprisonment of the offender. 18 U.S.C.

5   § 1832 (a), (b). A private right of action to enforce a federal statute is found only when the statute

6   manifests an intent to create a private right and a private remedy. *Gonzaga University v. Doe*, 536

7   U.S. 273, 282 (2002). This statute creates neither one.[2] Indeed, the only "civil" action authorized

8   by the Act is one brought by the Attorney General. See 18 U.S.C. § 1836.

9   **B.     No Viable Claim Is Alleged Under § 1030**

10         The CFAA (also a criminal statute) provides a private right of action under limited

11  circumstances which are discussed below. But it should be noted at the outset that defendants'

12  research has not revealed a single case in which the CFAA was recognized as a vehicle for the

13  imposition of liability against law enforcement officers in the context of a criminal investigation.

14  This is not surprising because civil actions under the CFAA are designed to redress computer hacking.

15  See, e.g., *ATPAC, Inc. v. Aptitude Solutions, Inc.*, 730 F.Supp.2d 1174, 1185 (E.D. Cal. 2010); *LVRC*

16  *Holdings LLC v. Brekka*, 581 F.3d 1127, 1135 (9th Cir. 2009); *Koch Industries, Inc. v. Does 1-25*,

17  2011 U.S. Dist. LEXIS 49529 (D. Utah 2011). It should go without saying that law enforcement's

18  search or seizure of computer data in the course of a criminal investigation is not computer hacking.

19  "Computers are simultaneously file cabinets (with millions of files) and locked desk drawers; they

20  can be repositories of innocent and deeply personal information, but also evidence of crimes. The

21  former must be protected, the latter discovered." *United States v. Adjani*, 452 F.3d 1140, 1152 (9th

22  Cir. 2006). Of course, what may be "discovered" in the course of criminal investigation is subject

23  to Fourth Amendment constraints. *Ibid.* But as noted previously, Crosby alleges no facts to support

24  his conclusion that the conduct of moving defendants failed to comport with those constraints.

25

26          [2] The statute provides in relevant part: "Whoever, with intent to convert a trade secret, that is related to or included in a product that is produced for or placed in interstate or foreign commerce, to the economic

27  benefit of anyone other than the owner thereof, and intending or knowing that the offense will, injure any owner of that trade secret, knowingly – [¶] steals, or without authorization appropriates . . . such information

28  . . . [¶] . . . or attempts to commit any offense described in paragraphs (1) through (3) . . . [¶] shall, except as provided in subsection (b), be fined under this title or imprisoned not more than 10 years, or both."

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    Second, even if the CFAA were construed as authorizing a private right of action against law

2    enforcement for seizure of computer data, Crosby alleges no facts to support his conclusion that a

3    violation occurred.   The statute provides that a "civil action for violation of this section may be

4    brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V)

5    of subsection (c)(4)(A)(i)." 18 U.S.C. § 1030(g).  Subsection (c)(4)(A)(i) refers to "an offense under

6    subsection (a)(5)(B)" which causes "(I) loss to 1 or more persons during any 1-year period . . .

7    aggregating at least $5,000 in value;" (II) the modification or impairment . . . of the medical

8    examination, diagnosis, treatment, or care of one or more individuals; (III) physical injury; (IV) threat

9    to public health or safety; or (V) damage affecting a government computer.  An "offense under

10   subsection (a)(5)(B)" occurs when a person "intentionally accesses a protected computer without

11   authorization, and as a result of such conduct, recklessly causes damage." 18 U.S.C. § 1030(a)(5)(B).

12   Thus to advance a private right of action under the statute, the plaintiff must establish that the

13   defendant (1) intentionally accessed a protected computer without authorization, (2) as a result of said

14   conduct, the defendant recklessly caused damage, and (3) the defendant's conduct involved one of

15   the factors delineated in subclauses I through V of subsection (c)(4)(A)(1).

16   Crosby has not alleged facts to support the conclusion that information was obtained from a

17   "protected computer," which the statute defines as one used by a financial institution or the United

18   States Government, or one "used in or affecting interstate or foreign commerce or communication".

19   18 U.S.C. § 1030(e)(2)(A) & (B).  He also alleges no facts showing "damage," which the statute

20   defines as "impairment to the integrity or availability of data, a program, a system, or information."

21   18 U.S.C. § 1030(e)(8).

22   Nor has Crosby alleged facts to show that defendants' conduct involved any of the factors

23   delineated in the "subclauses" of subsection (c)(4)(A)(1).  The complaint does not allege that

24   defendants affected the medical examination, diagnosis or treatment of anyone (subclause II), or that

25   anyone sustained physical injury (subclause III), or that defendants created a threat to public health

26   or safety (subclause (IV), or that damage was done to a government computer (subclause V).  The

27   remaining factor is "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000

28   in value" (subclause I).  "Loss" in this context means "impairment of or damage to the computer

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  system that was accessed without authorization," i.e., the "traditional computer 'hacker' scenario –

2  where the hacker deletes information, infects computers, or crashes networks." *ATPAC. Inc. v.*

3  *Aptitude Solutions, Inc., supra*, 730 F.Supp.2d at p. 1184.  No such loss is alleged.

## IV.

## THE THIRD CAUSE OF ACTION DOES NOT STATE A RICO CLAIM AGAINST MOVING DEFENDANTS

7  The third cause of action purports to advance a civil RICO[3] claim under 18 U.S.C. section

8  1962, subsections (c) and (d).[4]   In order to establish a claim under subsection (c), the plaintiff must

9  properly allege (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.

10  *Miller v. Yokohama*, 358 F.3d 616, 620 (9th Cir. 2004).  Injury to a specific business or property

11  interest must be shown as well.  *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010);

12  *Avalos v. Baca*, 596 F.3d 583, 593-594 (9th Cir. 2010).

13  A "pattern" within the meaning of the statute requires at least two acts of racketeering activity.

14  18 U.S.C. § 1961(5); *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008).

15  "Racketeering activity" is an act indictable under several provisions of Title 18 of the United States

16  Code.  See U.S.C. § 1961.  The indictable act alleged here is mail fraud (18 U.S.C. § 1341).  See

17  Cplt., ¶¶ 49-50.  Because purported mail fraud is the predicate act on which Crosby bases his RICO

18  claim, the requirements of Federal Rule of Civil Procedure 9(b) must be satisfied.  Specifically, the

19  cause of action must be pled with particularity, including identification of facts showing the time,

20  place, and manner of each act of fraud and the role each defendant played in each scheme.  *Lancaster*

21  *Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397, 405 (9th Cir. 1991); *Moore*

22  *v. Kayport Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

23  Crosby's complaint fails to allege a single fact to support his conclusion that a RICO violation

---

25  [3] "RICO" is the Racketeer Influenced and Corrupt Organizations Act.

26  [4] Subsection (c) provides: "It shall be unlawful for any person employed by or associated with any

27  enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering

28  activity or collection of unlawful debt."  Subsection (d) provides: It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  occurred.  Offered instead is an endless stream of conclusions and characterizations which merely

2  parrot the language of the RICO statute.  Plaintiff alleges that unidentified "defendants" intentionally

3  devised "a scheme and artifice to defraud as to a material matter, and to obtain money and property

4  by means of material false and fraudulent pretenses," and along with "others involved in the scheme

5  and artifice," provided "material false information" to a judge regarding plaintiff's "status," took

6  "things of value and confidential information," and "knowingly cause[d] to be delivered [through the

7  mail] "various false accusations" and to commit "mail fraud."  Cplt., ¶¶ 45-50.  In addition,

8  unidentified "defendants" allegedly "violated the substantive RICO statute" by investing income

9  derived from "a pattern of racketeering activity" and by acquiring an interest in MONET, an

10 "enterprise" engaged in (or the activities of which affect) interstate commerce, as a result of which

11 plaintiff "has been injured in its [sic] property."  Cplt., ¶¶ 51-56.

12        It would be an understatement to characterize these "allegations" as inadequate to allege a

13 substantive violation of RICO.  Not a single act is attributed to any particular defendant, let alone with

14 the sufficiency to satisfy the pleading requirements of Rule 9b and the cases addressing its

15 application.  Plaintiff's "conspiracy" theory, which is equally conclusionary and in any event

16 dependent upon the existence of a substantive RICO violation, similarly fails.  *Sanford, supra,* 625

17 F.3d at p. 559.  Finally, the RICO claim is further deficient with respect to the County because

18 governmental entities cannot, as a matter of law, form the malicious intent required under the statute.

19 *Lancaster, supra,* 940 F.2d at p. 404.

20                                            **V.**

21 **THE COMPLAINT DOES NOT ALLEGE A VIABLE STATE TORT CLAIM AGAINST**
   **MOVING DEFENDANTS**

22

23        The so-called "Fourth Cause of Action" is a conglomeration of purported state law claims for

24 negligence, negligent hiring, training and supervision of law enforcement officers, false arrest and

25 imprisonment, intentional infliction of emotional distress, intentional interference with pecuniary

26 relationship and defamation.  Without even considering the other myriad defects in these claims, it

27 is manifest that Crosby has advanced no viable cause of action since the complaint does not plead

28 compliance with the California Tort Claims Act.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1   Claims for money or damages against local public entities require presentation of a claim to

2   the entity defendant.  California Government Code ("Gov't. Code") §§ 905, 945, 945.4.  An action

3   against a public employee for an act or omission in the scope of employment is barred if an action

4   against the public entity employer would be barred by the failure to satisfy the entity's claims

5   presentation requirements  Gov't. Code § 950.2.  In other words, presentation of a claim to the entity

6   employer is a prerequisite to suing the employee if a claim would be required to sue the entity itself.

7   *Briggs v. Lawrence,* 230 Cal.App.3d 605, 612-613 (1991).

8   Compliance with the claim presentation requirement is an element of the cause of action.

9   *State of California v. Superior Court,* 32 Cal.4th 1234, 1243-1244 (2004).  Thus a complaint that fails

10  to allege facts showing compliance is subject to challenge for failure to state a cause of action.  *Id.,*

11  at p. 1243; *Shirk v. Vista Unified School District,* 42 Cal.4th 201, 209 (2007).  Crosby's complaint

12  seeks damages against the County of Mono, a public entity.  The complaint also alleges that

13  defendants Clark and Kendall are and were employees of the County who were acting within the

14  course and scope of their employment. Cplt., ¶ 11.  Yet the pleading alleges neither compliance with

15  claim presentation requirements nor an excuse for noncompliance.  All of the state claims are

16  deficient on that basis alone.

17  **CONCLUSION**

18  Mr. Crosby clearly is very angry that he was arrested and charged with possession of drugs

19  for sale, and that his "personal property" was confiscated in the process.  But anger is not a basis for

20  a lawsuit.  The myriad claims advanced in the complaint are utterly devoid of factual foundation and

21  do not satisfy even the most rudimentary pleading requirements.  For the reasons and pursuant to the

22  authorities set forth herein, it is respectfully requested that this Court grant the motion and dismiss

23  the complaint on file herein as to moving defendants.

24  DATED: August ___, 2011          BOLLING & GAWTHROP

25

26  By: _____/s/ Marjorie E. Manning_____
                   Marjorie E. Manning
27                Attorneys for Defendants County of Mono,
                   Timothy Kendall and Seth Clark

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS