1 | **Scott J. Grossberg (Bar No. 123359)**     Fee Exempt - Public Entity, Gov. Code § 6103
    **Joseph E. Brick (Bar No. 253132)**
2 | **CIHIGOYENETCHE, GROSSBERG & CLOUSE**
    8038 Haven Avenue, Suite E
3 | Rancho Cucamonga, CA 91730
    (909) 483-1850
4 | (909) 483-1840 Fax
    sgrossberg@cgclaw.com
5 | josephbrick@cgclaw.com
    Attorneys for Defendants
6 | TOWN OF MAMMOTH LAKES,
    PAUL ROBLES and RICK MOBERLY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

| | |
|---|---|
| WILLIAM R. CROSBY,<br><br>                 Plaintiff,<br><br>vs.<br><br>THE COUNTY OF MONO, THE TOWN OF MAMMOTH LAKES, a Municipal Corporation, MONET a form of entity unknown, SETH CLARK, an Individual, TIMOTHY WALTER KENDALL, an Individual, PAUL ROBLES, an Individual, RICK MOBERLY, an Individual, and DOES 1 to 10, inclusive,<br><br>                 Defendants. | CASE NO.: 2:11-CV-01458-KJM-EFB<br><br>*[Honorable Kimberly J. Mueller, Courtroom 3]*<br><br>**NOTICE OF MOTION AND MOTION BY THE TOWN OF MAMMOTH LAKES, PAUL ROBLES, AND RICK MOBERLY TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.Civ.P. Rule 12(b)(1)&(6)) & MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. Rules 12(e)&(g))**<br><br>DATE:    February 24, 2012<br>TIME:    10:00 a.m.<br>CTRM:   3 (15th Floor)<br><br>COMPLAINT FILED:  May 31, 2011<br>TRIAL DATE:    None Set |

**TO PLAINTIFF WILLIAM R. CROSBY, AND HIS COUNSEL OF RECORD HEREIN:**

    **PLEASE TAKE NOTICE** that on February 24, 2012, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the above-entitled Court, located

1

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLYTO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

at 501 "I" Street, Sacramento, California, defendants PAUL ROBLES and RICK MOBERLY(hereinafter "DEFENDANT OFFICERS") and the TOWN OF MAMMOTH LAKES (hereinafter "TOWN"; also referred to collectively with the DEFENDANT OFFICERS as "DEFENDANTS"), will move this Court to dismiss this action and each separate cause of action pursuant to *Federal Rule of Civil Procedure,* Rule 12(b)(1) & (6).  This Motion is made on the following grounds:

1. PLAINTIFF'S claim under 42 U.S.C. § 1983 fails as a matter of law as against all DEFENDANTS as there are insufficient facts pled to support such a claim;

2. PLAINTIFF'S State-based tort claims fail as a matter of law as against all DEFENDANTS as PLAINTIFF failed to allege compliance with the Tort Claims Act and, hence, failed to exhaust his administrative remedies; and

3. PLAINTIFF'S State-based tort claims fail as a matter of law as against all DEFENDANTS as they are immune from liability and there are insufficient facts pled to support such claims.

DEFENDANTS will also be moving this Court for an Order compelling the PLAINTIFF to provide a more definite statement pursuant to *Federal Rule of Civil Procedure*, Rule 12(e).  The Motion for a More Definite Statement and the Motion to Dismiss are brought together pursuant to *Federal Rule of Civil Procedure,* Rule 12(g). The Motion for a More Definite Statement is made on the following grounds:

1. That the PLAINTIFF failed to separately allege each claim as a separate cause of action with specific allegations against the individual defendants.

///
///
///
///
///
///
///
///

2

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLYTO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

1 | This Motion is based upon this Notice of Motion and the attached Memorandum of Points and Authorities filed herein, the pleadings and papers on file herein, and any such other evidence as may be introduced at the time of hearing.

DATED: January 11, 2012    CIHIGOYENETCHE, GROSSBERG & CLOUSE

By:   /s/ Joseph E. Brick
SCOTT J. GROSSBERG
JOSEPH E. BRICK
Attorneys for Defendants
TOWN OF MAMMOTH LAKES,
PAUL ROBLES and RICK MOBERLY

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLY TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

## **MEMORANDUM OF POINTS AND AUTHORITIES**
## **I. INTRODUCTION**

Plaintiff WILLIAM R. CROSBY ("PLAINTIFF") filed a Complaint against the COUNTY OF MONO, the TOWN OF MAMMOTH LAKES ("TOWN"), MONET, SETH CLARK, TIMOTHY WALTER KENDALL, PAUL ROBLES, and RICK MOBERLY. A Motion to Dismiss was filed on behalf of the TOWN and Officers PAUL ROBLES and RICK MOBERLY(hereinafter "DEFENDANT OFFICERS", also collectively with the TOWN as "DEFENDANTS"). PLAINTIFF, who reportedly retained new counsel, requested that this Court grant leave to amend. This Court issued a ruling on December 8, 2011, which granted PLAINTIFF leave to amend, stated that the DEFENDANTS may refile a Motion to Dismiss, and ordered PLAINTIFF to meet and confer with DEFENDANTS prior to filing a First Amended Complaint. PLAINTIFF did not meet and confer prior to filing his First Amended Complaint on December 28, 2011 ("FAC") and, hence, DEFENDANTS were forced to file the present Motion to address deficiencies in the FAC.

PLAINTIFF'S FAC is essentially a civil rights action for the alleged wrongful search and seizure of his property. Said search and seizure was conducted by defendant MONET, a combination of law enforcement agencies and officers whose primary purpose is the suppression of illegal drug trafficking. Following an investigation into PLAINTIFF'S mobile marijuana operation, search warrants were obtained and executed. As a result, PLAINTIFF was arrested and his marijuana confiscated along with other "business" related materials, documents, and financial records.

When the smoke clears, several facts are revealed which preclude PLAINTIFF from maintaining the present suit: 1) PLAINTIFF did not have a permit under the Compassionate Use Act (FAC ¶ 33, Cal. Health & Safety Code § 11362.83, TOWN Municipal Code 5.38.010); 2) the possession, sale, distribution, etc., is illegal under federal and state law; and 3) PLAINTIFF has not pled any facts which, if true, would invalidate the search warrants. To be blunt, this Court should not allow PLAINTIFF to

1 use the federal system to circumvent federal law.

## II.

## THIS COURT IS VESTED WITH THE POWER TO DISMISS THIS ACTION

A claim may be challenged by a motion to dismiss based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Once challenged, the burden is on the party asserting jurisdiction to prove that the matter is properly in federal court. *Littlefield v. Continental Cas. Co.*, 475 F.Supp. 887, 889 (C.D. C.A. 1979). A challenge to the Court's subject matter jurisdiction can be made at any time by any party or by the Court itself. *See Santos v. Alaska Bar Ass'n*, 618 F.2d 575, 577 (9th Cir. 1980).

Claims may also be challenged by a motion to dismiss on a showing that the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. Courts may dismiss a claim for failure to comply with pleading rules which require a short and plain statement upon which relief can be granted, and that each averment be simple, concise, and direct. *Margarita Cellars v. Pacific Coast Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D. Cal., 1999).

In assessing the merits of a Rule 12(b)(6) motion, a court must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them. *United States ex rel. Satalich v. City of Los Angeles*, 160 F.Supp.2d 1092, 1097 (C.D. Cal. 2001) (citations omitted). However, courts should not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Margarita Cellars, supra,* 189 F.R.D. at 578. A motion to dismiss may be brought together with any other Rule 12 motion, including a motion for a more definite statement pursuant to *Federal Rule of Civil Procedure,* Rule 12(g).

///
///
///
///

# III.

## PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT ANY OF THE ALLEGED VIOLATIONS OF FEDERAL RIGHTS SUBJECTING HIS FIRST AMENDED COMPLAINT TO DISMISSAL

### A. The Allegations Contained in PLAINTIFF'S First Amended Complaint Are Not Sufficient to Allege a Section 1983 Claim, Nor Do They State a Claim for Conversion.

PLAINTIFF cannot utilize 42 U.S.C. § 1983 to vindicate his purported state law right to use marijuana. To prevail on his conversion and Section 1983 causes of action with respect to the seized marijuana, PLAINTIFF has to establish a lawful property interest in the marijuana. Conversion is "the wrongful exercise of dominion over personal property of another." (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 610, pp. 707-08.) "There must be some actual interference with the plaintiff's 'dominion,' i.e., with his ownership or right of property." (*Id*. at § 615, p. 710, emphasis omitted.) PLAINTIFF'S Fourth Amendment rights were violated only if there was an unreasonable seizure. (U.S. Const., 4th Amend.) The Supreme Court has defined "seizure" as " 'some meaningful interference with an individual's possessory interests in ... property.' " *Soldal v. Cook County,* 506 U.S. 56, 61 (1992), emphasis added, quoting *United States v. Jacobsen* 466 U.S. 109, 113 (1984).

Relevant here is the fact that possession must be lawful before a plaintiff can sue for conversion. "It is not necessary that the plaintiff have legal title in order to sue [for conversion]; possession alone is sufficient."(5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 618, p. 713.) Witkin explains, "Hence, the rule is that a bailee, pledgee, finder or other person with a special or limited interest may sue for conversion." (*Ibid*.) That is, a limited but **legitimate** right to possession of property is sufficient to maintain a claim for conversion.

As recently stated by the Supreme Court of the United States, the cultivation, distribution, and possession of marijuana for personal, medicinal use is illegal under the

6

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLY TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

Controlled Substances Act (CSA). *Gonzales v. Raich*, 545 U.S. 1, 33(2005). The high Court stated:

> By classifying marijuana as a Schedule I drug, as opposed to listing it on a lesser schedule, the manufacture, distribution, or possession of marijuana became a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration preapproved research study.
>
> *Id*. at p. 14 (internal citations omitted).

In addressing the interplay between California's Companionate Use Act (CUA) and the CSA, the Supreme Court stated in no uncertain terms that the CSA controls. "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail. It is beyond peradventure that federal power over commerce is " 'superior to that of the States to provide for the welfare or necessities of their inhabitants,'" however legitimate or dire those necessities may be." *Id*. at p. 29 (internal citations omitted).  Hence, as PLAINTIFF'S possession of the marijuana and related evidence of his crime was violative of federal law, he had no legitimate possessory interest. Moreover, the possession is against California state law which states:

> Every person who plants, cultivates, harvests, dries, or processes any marijuana or any part thereof, except as otherwise provided by law, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code.
>
> Cal. Health & Safety Code § 11358.

Under California law (preempted by the CSA as discussed above), it is PLAINTIFF'S burden to prove that he qualifies for the medical exception. *People v. Mower*, 28 Cal.4th 457, 464 (2002). PLAINTIFF has not pled facts which demonstrate that he qualified for this exception. Nevertheless, the possession of the drugs and paraphernalia PLAINTIFF is requesting was illegal under federal law, and this Court should not aid in the attempted circumvention of the CSA. Without a legitimate

7

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLY TO DISMISS
FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

1 possessory interest, PLAINTIFF cannot maintain his Section 1983 and conversion claims
2 against the DEFENDANTS.

3     Furthermore, the DEFENDANTS have a duty to destroy the property PLAINTIFF
4 seeks to have returned. Health and Safety Code section 11473.5 provides, "All seizures
5 of controlled substances...which are in possession of any city, county or state official...
6 as the result of a case...which has been disposed of by way of dismissal or otherwise than
7 by way of conviction, shall be destroyed by order of the court, unless the court finds that
8 the controlled substances...were lawfully possessed by the defendant." For the reasons
9 stated above, PLAINTIFF had no lawful property interest in the marijuana. Therefore,
10 Section 11473.5 did not give rise to a mandatory duty to return the marijuana to
11 PLAINTIFF. *See Chavez v. Superior Court*, 123 Cal.App.4th 104, 111(2004).

12     Because PLAINTIFF did not have a legitimate possessory interest in the items
13 seized in the alleged December 28, 2010 search, PLAINTIFF cannot maintain his claims
14 for conversion and civil rights violations under Section 1983. This Court is therefore
15 requested to dismiss these claims.

16     **IV.**

17 **PLAINTIFF'S STATE-BASED CLAIMS ALL FAIL AS THE PLAINTIFF HAS**
18 **FAILED TO EXHAUST ADMINISTRATIVE REMEDIES, PLEAD**
19 **SUFFICIENT FACTS, AND THE DEFENDANTS ARE IMMUNE**
20 **FROM LIABILITY**

21     **A.**    **PLAINTIFF Has Failed to Exhaust the Available State Administrative**
22     **Remedies Prior to Filing the Instant Suit Thereby Depriving this Court**
23     **of Pendant Jurisdiction of the State Claims.**

24 PLAINTIFF has failed to plead sufficient facts to illustrate that he exhausted all
25 administrative remedies prior to filing the instant action.  Specifically, the PLAINTIFF
26 has failed to allege that he submitted a sufficient Tort Claim within the statutory period.
27 Pursuant to the provisions of the California Government Code, potential plaintiffs
28 wishing to sue a governmental entity or employee in tort must first present it with a claim

in the form required by Government Code section 910. *Turner v. State of California,* 232 Cal.App.3d 883, 888 (Cal. Ct. App. 1991). Tort Claims must include a general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim. *Id.*; *Gov. Code,* § 910(d). The primary function of the Tort Claims Act (*Government Code* section 815, *et seq*.) is to inform the governmental body of imminent legal action so that it may investigate and evaluate the claim and where appropriate avoid litigation by settling meritorious claims. "It is therefore necessary for the claim served on the governmental entity to describe fairly what that entity is alleged to have done." *Id.*

"In actions for damages against local public entities, the claims statutes require timely filing of a proper claim as condition precedent to the maintenance of the action. Compliance with the claims statutes is mandatory (citation); and failure to file a claim is fatal to the cause of action." *Shelton v. Superior Court*, 56 Cal.App.3d 66, 82 (1976). The fact that a public entity has full knowledge of the claim and related circumstances is *not* sufficient to excuse noncompliance. *McMartin v. County of Los Angeles,* 202 Cal.App.3d 848, 858 (1988). Indeed, the purpose of the claims statutes is not to prevent surprise. *Shelton, supra,* 56 Cal.App.3d at 82. Rather, it is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. *Id.* It is well settled that claims statutes must be satisfied despite the public entity's actual knowledge of the circumstances surrounding the claim. *Id.* Actual knowledge by the entity does not amount to substantial compliance or provide a basis for estoppel. *Id.*

**California's Tort Claims Act further provides that an action against a public employee is barred if an action for the same injury is barred as against the public entity**. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969). "In California, statutes or ordinances which condition the right to sue the sovereign upon timely filing of claims and actions are more than procedural requirements. **They are elements of the plaintiff's cause of action and conditions precedent to the maintenance of the action**. When the

9

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLY TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

action is against the public employee rather than the public entity such statutes are given the same effect." *Id.* (emphasis added).

In the instant case, PLAINTIFF has failed to allege that he filed a sufficient Tort Claim within the statutory period. Compliance with the Tort Claims Act is an element of every State-based cause of action and must be alleged to state a cause of action. Even claims for civil rights violations under Civil Code section 52.1 are subject to the filing requirements of the Tort Claims Act. *Williams v. City of Antioch*, 2010 WL 3632199 (N.D. Cal. Sept. 2, 2010). Here, PLAINTIFF has not pled any **facts** which, if taken as true, illustrate that the PLAINTIFF exhausted his administrative remedies by complying with the Tort Claims Act's requirements. Thus, PLAINTIFF is barred from maintaining this suit against the DEFENDANTS.

### B. PLAINTIFF Has Not Alleged Any Authorizing Statute Which Would Allow Him to Maintain Any of the State Law Causes of Action Against the DEFENDANTS.

California and its political subdivisions have not waived their sovereign immunity unless otherwise specifically stated by statute. *Gov. Code*, § 815. Even when authorized by statute, governmental liability is often specifically tailored to fit the unique values of the citizens of the State of California and its cities. This tailoring is skillfully done by way of authorizing statutes and immunity statutes which reiterate the existence of sovereign immunity in specific protected areas that are vital for state and municipal effectiveness. The TOWN and, hence, its employees acting within their scope of employment, has not waived its immunity for the state law claims cited by PLAINTIFF.

As a result, PLAINTIFF'S Third, Fourth, and Fifth Causes of Action are fatally defective because there are no authorizing statutes, nor are any cited, which permit suits for Intentional Infliction of Emotional Distress, Conversion, and Defamation to be brought directly against a governmental entity or its employees acting within their scope of employment. In California, all governmental tort liability is dependent on the existence of an authorizing statute or enactment. *Gov. Code*, §§ 815(a), 815.6; *Searcy*

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLYTO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

*v. Gibbel,* 177 Cal.App.3d 792 (1986); *Tolan v. State of California Ex. Rel. Department of Transportation*, 100 Cal.App.3d 980, 983 (1979); *Morris v. State of California*, 89 Cal.App.3d 962, 964 (1979); *Susman v. City of Los Angeles,* 269 Cal.App.2d 803, 808 (1969). Further, to state a cause of action, every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of the statutory duty, itself. *Searcy, supra*, 177 Cal.App.3d at p. 802; *Susman, supra*, 269 Cal.App.2d at p. 808. Duty cannot be alleged simply by stating "defendant had a duty under the law"; that is a conclusion of law, not an allegation of fact. *Ibid.*; *Rubinow v. County of San Bernardino*, 169 Cal.App.2d 67, 71 (1959). Since the duty of a government agency can only be created by statute or enactment, that statute or enactment which a plaintiff claims to have created a statutory duty must, at the very least, be identified in order for a cause of action to be maintained. *Searcy, supra*, 177 Cal.App.3d at p. 802.

In the instant case, the PLAINTIFF has failed to set forth any such allegations in the body of the FAC. The TOWN is a governmental entity and, accordingly, the PLAINTIFF is required to set forth a statutory basis for the legal theories of Intentional Infliction of Emotional Distress, Conversion, and Defamation. **California's Tort Claims Act further provides that an action against a public employee is barred if an action for the same injury is barred as against the public entity**. *Willis, supra,* 418 F.2d at p. 704. Absent such statutory authority, a valid cause of action, under state law, cannot be stated against the DEFENDANT OFFICERS and the Court should hereby dismiss PLAINTIFF'S Third, Fourth, and Fifth Causes of Action in their entirety.

  **C.** **PLAINTIFF'S Cause Of Action for Defamation Is Barred By Civil Code Section 47.**

The DEFENDANTS are immune for the allegedly defamatory statements referred to in the FAC. Civil Code section 47(d)(1) makes privileged "a fair and true report in, or a communication to, a public journal, of [a] public official proceeding,...or ... anything said in the course thereof." A "public official proceeding" includes a police

11

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLY TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

investigation. *Howard v. Oakland Tribune*,199 Cal.App.3d 1124, 1128 (1988). Thus, an article or broadcast about statements made in the context of a police investigation is privileged and cannot support a defamation claim. *Ibid.* The privilege applies if the substance of the publication or broadcast captures the gist or sting of the statements made in the official proceedings. *See Carver v. Bonds*, 135 Cal.App.4th 328, 351 (2005); *Balzaga v. Fox News Network, LLC*, 73 Cal.App.4th 1325, 1337 (2009), reh'g denied (June 9, 2009), review denied (Aug. 26, 2009).

As the alleged defamatory statements were made in relation to a police investigation, the same are privileged and, as a matter of law, are not actionable. Therefore, PLAINTIFF'S cause of action for Defamation should be dismissed.

### E. The DEFENDANT OFFICERS Are Immune from the Alleged Violations of State Law Under California Government Code Section 821.6.

The DEFENDANT OFFICERS are immune from PLAINTIFF'S Third Cause of Action for Conversion under Government Code section 821.6. Section 821.6 provides that:

> A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

Here, PLAINTIFF is alleging that the DEFENDANT OFFICERS instituted a judicial proceeding while acting in their capacity as police officers which caused him to lose his property. (FAC ¶¶15,43-48 & 69-73.) Even if malicious or lacking probable cause, the DEFENDANT OFFICERS are immune from this tort claim. PLAINTIFF is not alleging that the DEFENDANT OFFICERS personally converted his paraphernalia, but that by executing the search warrant, the property was seized. (FAC ¶¶35 & 43). Thus, it is requested that this claim be dismissed as against the DEFENDANT OFFICERS, without leave to amend.

12

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLYTO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

# V.
## THIS COURT IS VESTED WITH THE POWER TO REQUIRE A MORE DEFINITE STATEMENT

*Federal Rule of Civil Procedure*, Rule 12(e) sets forth the standard under which a party may move the Court for an Order directing PLAINTIFF to provide a more definite statement. Rule 12(e) provides, in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

*Federal Rules of Civil Procedure,* Rule 12(e).

The proper test in evaluation a motion for a more definite statement is whether the complaint provides the defendant with a sufficient basis to frame the responsive pleading. *Byrd v. California Sup. Ct., County of Marin,* 2009 WL 2031761 at 12 (2009, N.D.Cal.). A motion for a more definite statement is an appropriate device to narrow the issues, to delineate the boundaries of claims asserted, and to expedite and simplify the proceedings. *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (D.C.Wis. 1985).

## VI.
## DEFENDANTS REQUEST A MORE DEFINITE STATEMENT AS TO THE SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION

This Motion for a More Definite Statement is appropriate to narrow the issues, to delineate the boundaries of claims asserted, and to expedite and simplify the proceedings. Lumping defendants and civil rights violations together under one claim is a proper basis for a Motion for a More Definite Statement. *Byrd, supra,* 2009 WL 2031761 at 13,14 (2009, N.D.Cal.). PLAINTIFF has failed to identify which party each of his causes of action are against, preventing the DEFENDANTS from determining

13

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLY TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

what claims are asserted against them, and preparing a corresponding defense. There are multiple defendants in this lawsuit, including THE COUNTY OF MONO, the TOWN OF MAMMOTH LAKES, MONET, SETH CLARK, TIMOTHY WALTER KENDALL, PAUL ROBLES, and RICK MOBERLY. However, the Second, Third, Fourth, and Fifth causes of action do not specify which entity or officer they are alleged against. For example, PLAINTIFF makes allegations of defamatory conduct, but does not specify who published said statements. (FAC ¶ 49.) Therefore, it is requested that PLAINTIFF set forth the parties which he is alleging each cause of action against, so that they may prepare a defense.

## VII.
## CONCLUSION

For the reasons stated above, the DEFENDANTS respectfully request that the Court dismiss all of PLAINTIFF'S claims from PLAINTIFF'S First Amended Complaint.

Additionally, it is requested that PLAINTIFF be ordered to separately allege each claim as a separate cause of action with specific allegations against the individual defendants.

DATED: January 11, 2012     CIHIGOYENETCHE, GROSSBERG & CLOUSE

By: /s/ Joseph E. Brick
SCOTT J. GROSSBERG
JOSEPH E. BRICK
Attorneys for Defendants
TOWN OF MAMMOTH LAKES,
PAUL ROBLES and RICK MOBERLY

14

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLY TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

## DECLARATION OF JOSEPH E. BRICK

I, JOSEPH E. BRICK, state and declare as follows:

1. That I am an attorney duly licensed to practice law before all the Courts of the State of California and the Federal Court where this action is based; that I am a Senior Associate in the law firm of Cihigoyenetche, Grossberg & Clouse, counsel of record for Defendants TOWN OF MAMMOTH LAKES, PAUL ROBLES, and RICK MOBERLY; and that I am one of the individuals responsible for the handling of this matter and, therefore, I have personal knowledge of the facts set forth herein and would and could so testify if called upon to do so.

2. That in reviewing PLAINTIFF'S First Amended Complaint, I determined that the pleadings were subject to a Motion to Dismiss. That neither this office nor my clients have brought these pleadings to harass, annoy, vex or embarrass any party or other counsel.

3. That PLAINTIFF did not meet and confer with my office prior to filing the First Amended Complaint despite this Court's prior Order of December 8, 2011, to that effect.

4. A letter outlining the deficiencies in PLAINTIFF'S First Amended Complaint was sent to PLAINTIFF'S counsel on January 11, 2012, a true and correct copy of which is attached hereto as Exhibit 1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of January, 2012, at Rancho Cucamonga, California.

                                         /s/ Joseph E. Brick
                                         JOSEPH E. BRICK, Declarant

15

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLY TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLY TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED



**Cihigoyenetche Grossberg & Clouse**
Attorneys at Law
A Partnership of Professional Corporations

January 11, 2012

John S. Manzano, Esq.
Minaret Legal Services, APC
181 Sierra Manor Road, #4
P.O. Box 8931
Mammoth Lakes, CA 93546

   Re: **Crosby v. Town of Mammoth Lakes, et al.**
     Member City: Town of Mammoth Lakes
     Carl Warren File No.: 1549826
     Date of Incident: 12/28/10
     USDC Eastern District Case No.: 2:11-CV-01458-KJM-EFB

Dear Mr. Manzano:

Please allow this correspondence to serve as a formal meet and confer attempt over several defects in your client's First Amended Complaint as against the Town of Mammoth Lakes, Officer Paul Robles, and Officer Rick Moberly. This attempt is being made via correspondence, as your client previously indicated to my office that he would like all communications to be in writing.

As you are aware, my office represents the Town of Mammoth Lakes and Officers Robles and Moberly (hereinafter collectively "DEFENDANTS") in this matter. Simply, with respect to your client's litigation against the DEFENDANTS, we find that the First Amended Complaint is defective in that:

1. Your client's claim under 42 U.S.C. § 1983 fails as a matter of law as against the DEFENDANTS as federal law prohibits the possession of marijuana and controls over state law via the Supremacy Clause;

2. Your client's State-based tort claims fail as a matter of law as against the DEFENDANTS as you failed to allege compliance with the Tort Claims Act and, hence, failed to exhaust your client's administrative remedies;

3. Your client's State-based tort claims fail as a matter of law as against the DEFENDANTS as they are immune from liability and there are insufficient facts pled to support such a claim;

4. Your client failed to separately allege each claim as a separate cause of action with specific allegations against the individual defendants. You must specifically set forth each cause of action and allege who is alleged to have violated each specific cause of action; and

*John S. Manzano, Esq.*
*Minaret Legal Services, APC*
Re:     ***Crosby v. Town of Mammoth Lakes, et al.***
*January 11, 2012*
*Page 2*

      5.      Your client is impermissibly claiming prejudgment interest and punitive damages against a municipality (the Town) and its employees (Officers Robles and Moberly) despite clearly established law to the contrary.

Accordingly, I have prepared a Motion to Dismiss and a Motion to Strike on behalf of the DEFENDANTS. The hearings on those matters are currently scheduled to take place, as follows:

<u>*DEFENDANTS' Motion to Dismiss & Motion to Strike*</u>
Date:    February 24, 2012
Time:    10:00 a.m.
Place:    United States District Court, Eastern District of California (Sacramento)
           Courtroom 3

In order to avoid law and motion and in the spirit of cooperation, I request that you dismiss the DEFENDANTS from this lawsuit immediately. If a dismissal is filed as to my clients, I will proceed to remove the above-mentioned motions from the court's calendar.

Should you have any questions or comments regarding the foregoing, please do not hesitate to contact us.

Sincerely yours,

CIHIGOYENETCHE, GROSSBERG & CLOUSE

SCOTT J. GROSSBERG

SJG:JEB/ds

*Crosby v. County of Mono, et al.*
Case No. 2:11-CV-01458-KJM-EFB

**PROOF OF SERVICE**

STATE OF CALIFORNIA -- COUNTY OF SAN BERNARDINO

    I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 8038 Haven Avenue, Suite E, Rancho Cucamonga, CA 91730.

    On **January 11, 2012,** I served the foregoing document described as **NOTICE OF MOTION AND MOTION BY THE TOWN OF MAMMOTH LAKES, PAUL ROBLES, AND RICK MOBERLY TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.Civ.P. Rule 12(b)(1)&(6)) & MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. Rules 12(e)&(g))** on the interested parties in this action as follows:

/X/   **BY ELECTRONIC FILING AND SERVICE with the Clerk of the Court using the CM/ECF System: (FRCP 5(b)(2)(D)):** In accordance with FRCP 5(b)(2)(D) and the above-entitled Court's Local Rules, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/X/   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on **January 11, 2012,** at Rancho Cucamonga, California.

                                            /s/ Denise Schwob
                                            DENISE SCHWOB

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLY TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

*Crosby v. County of Mono, et al.*
Case No. 2:11-CV-01458-KJM-EFB

## SERVICE LIST

| | |
|---|---|
| John S. Manzano, Esq.<br>Minaret Legal Services, APC<br>181 Sierra Manor Road, #4<br>P.O. Box 8931<br>Mammoth Lakes, CA 93546<br>legalservice@mammothattorney.com<br>(760) 934-4660/phone<br>(760) 924-7992/fax | *Attorneys for Plaintiff*<br>**WILLIAM R. CROSBY** |
| Marjorie E. Manning, Esq.<br>Bolling & Gawthrop<br>8880 Cal Center Drive, Suite 190<br>Sacramento, CA  95826<br>mem@bwg-inc.com<br>(916) 369-0777/phone<br>(916) 369-2698/fax | *Attorneys for Defendants*<br>**COUNTY OF MONO; SETH CLARK; and TIMOTHY WALTER KENDALL** |

NOTICE OF MOTION & MOTION BY TOWN OF MAMMOTH LAKES, PAUL ROBLES & RICK MOBERLY TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED