MARJORIE E. MANNING, SBN 118643
**BOLLING & GAWTHROP**
A Professional Corporation
8880 Cal Center Drive, Suite 190
Sacramento, California 95826
Telephone No. (916) 369-0777
Telecopier No. (916) 369-2698
E-mail: mem@bwg-inc.com

Attorneys for Defendants COUNTY OF MONO, SETH CLARK, and TIMOTHY WALTER KENDALL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. CROSBY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTY OF MONO, THE TOWN OF MAMMOTH LAKES, a Municipal Corporation, MONET a form of entity unknown, SETH CLARK, an individual, TIMOTHY WALTER KENDALL, an individual, PAUL ROBLES, an individual, and DOES 1 to 10, inclusive,<br><br>Defendants.<br>_____/ | CASE NO. 2:11-CV-1458 KJM EFB (PS)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>DATE:    February 24, 2012<br>TIME:    10:00 a.m.<br>CRTRM:  3 (15th Floor) |

Defendants County of Mono, Seth Clark and Timothy Walter Kendall submit the following memorandum of points and authorities in support of their motion to dismiss plaintiff's first amended complaint.[1]

## INTRODUCTION

On May 31, 2011, plaintiff filed his original complaint in this action asserting purported claims for violation of 42 U.S.C. section 1983, 18 U.S.C. section 1830, 18 U.S.C. section 1832 et seq, 18 U.S.C. section 1962, and a host of state law torts. Defendants County of Mono, Seth Clark and Timothy Kendall moved to dismiss under FRCP Rule 12(b)(6). Separate motions to dismiss were

---

[1] A separate motion to strike is filed herewith on behalf of the same defendants.

filed by the Town of Mammoth Lakes, Paul Robles and Rick Moberly. In its order filed December 9, 2011, after noting that plaintiff's opposition to the motions consisted solely of a request to amend, the Court granted leave to amend after directing plaintiff's counsel to "review the defense motions to dismiss, and to meet and confer with defense counsel before filing an amended complaint." Docket No. 26. Plaintiff's counsel ignored that directive, and simply filed an amended pleading without attempting to meet and confer. And if counsel or his client reviewed the papers in support of the first motions to dismiss, or the authorities cited therein, that fact is certainly not reflected in the amended complaint. The new pleading is shorter than its predecessor, but no less deficient.

## STANDARDS GOVERNING DEFENDANTS' MOTION

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that the defense of failure to state a claim upon which relief can be granted may be raised by motion. In considering a motion to dismiss, the court accepts as true all material allegations in the complaint and reasonable inferences drawn therefrom, and construes the pleading in the light most favorable to the nonmoving party. *N. L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, conclusory allegations, unwarranted inferences, legal characterizations and formulaic recitations of the elements of a cause of action are insufficient to defeat the motion. *In Re Verifone Securities Litigation*, 11 F.3d 865, 868 (9th Cir. 1993); *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 923 (9th Cir. 2001); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, the court may not assume that the plaintiff "can prove facts that [he] has not alleged or that the defendants have violated [the law] in ways that have not been alleged." *Associated General Contractors v. California State Council of Carptenters*, 459 U.S. 519, 526 (1983).

## FACTUAL BACKGROUND

Stripped of its myriad factual and legal conclusions, the first amended complaint alleges the following facts as the purported basis for plaintiff's claims against moving defendants.

In February 2010, plaintiff William Crosby ("Crosby") founded the Eastern Sierra Center for Holistic Wellness ("ESCHW"), a medical marijuana cooperative. First Amended Complaint ("FAC"), ¶¶ 17, 18. The same year, the Town of Mammoth Lakes allegedly voted to "permit" medical marijuana dispensary operations. FAC, ¶ 19. Thereafter, Crosby and ESCHW's counsel

allegedly met with officials of the Town of Mammoth Lakes to discuss the legality of the cooperative's anticipated operations. FAC, ¶¶ 20-31. At some point, ESCHW filed an application with the Mammoth Lakes Police Department requesting a permit to operate a marijuana dispensary, then abandoned the application after receiving negative feedback from the cooperative's members. FAC, ¶¶ 27, 33.

In December 2010, unidentified "defendants" obtained warrants to search Crosby's vehicle and home "for evidence of the criminal possession, sale and/or distribution of drugs, etc." FAC, ¶ 34. On December 28, 2010, officer Seth Clark ("Clark") stopped the car Crosby was driving, served him with search warrants for plaintiff's home and vehicle, conducted a search of Crosby's person and vehicle, and seized items of "personal property." FAC, ¶¶ 37-39. Clark then placed Crosby in custody and transported him to the Bridgeport Station of the Mono County Sheriff's Department. There Clark allegedly refused to inform Crosby of the charges and questioned him without honoring Crosby's request to contact his attorney. FAC, ¶ 42.

On December 29, 2010, unidentified "defendants" allegedly searched the office of ESCHW's attorney and an adjacent office "subletted" to Crosby and seized a custom-built computer. FAC, ¶ 47. Two weeks later on January 14, 2011, unidentified "defendants" seized two of Crosby's bank accounts and "also served search warrants on the bank accounts held by plaintiff's wife and step-son." FAC, ¶ 48.[2]

On January 10, 2011, Crosby was brought before Mono County Superior Court Judge Eller for arraignment "upon the charge of possession of marijuana for sale." FAC, ¶ 49.[3] District Attorney Timothy Kendall ("Kendall") did not appear and the arraignment was continued. FAC, ¶ 49. After numerous additional appearances, Crosby still was not arraigned and Kendall "dropped the charges." FAC, ¶ 49.

On January 14, 2011, unidentified "defendants" caused to be published in two local newspapers

---

[2] A search of Crosby's residence allegedly occurred the same day, but by persons other than moving defendants. FAC ¶¶ 43-46.

[3] The quoted language describing the nature of the charge, which Crosby conveniently omitted from the amended complaint, appeared at paragraph 31 of the original pleading.

and on news websites an allegedly false statement that Crosby had sold marijuana outside the cooperative and in violation of state medical marijuana guidelines, and that he had been charged with crimes in connection with such conduct. FAC, ¶ 50. Unidentified "defendants" also "caused" publication of Crosby's mug shot "in conjunction with the mug shots for a group of other criminal suspects," thereby creating the "incorrect impression" that Crosby was "involved in illegal activities as part of the group, including selling cocaine and dealing in forged DVDs." FAC, ¶ 50.

At some unidentified time, unidentified "defendants" caused the property confiscated from Crosby to be impounded without providing notice of forfeiture proceedings. The confiscated property has not been returned, despite Crosby's requests, and the statute of limitations within which forfeiture proceedings can be initiated allegedly has expired. FAC, ¶¶ 52-57.

Following the foregoing allegations, plaintiff purports to advance five claims for relief: (1) violations of 42 U.S.C. section 1983, (2) violations of California Civil Code section 52.1, (3) conversion, (4) intentional infliction of emotional distress, and (5) defamation. FAC, ¶¶ 60-80.[4]

## ARGUMENT

### I.

### THE FIRST COUNT DOES NOT STATE A VIABLE CIVIL RIGHTS CLAIM AGAINST MOVING DEFENDANTS

The first count purports to advance a civil rights claim under 42 U.S.C. section 1983. To establish a prima facie case under section 1983, the plaintiff must prove that the defendant, acting under color of state law, deprived him of a right guaranteed by the United States Constitution or a federal statute. *Collins v. City of Harker Heights,* 503 U.S. 115, 120 (1992). Since section 1983 is not itself a source of substantive rights, the specific federal right allegedly infringed must be identified and the validity of the plaintiff's claim then judged by reference to the standards governing that right. *Graham v. Connor,* 490 U.S. 386, 393-394 (1989). In evaluating the sufficiency of the pleading, the court must focus on the **factual** allegations of the complaint and determine not only that the plaintiff has described a legitimate federal right at stake, but also that unconstitutional conduct by the state

---

[4] The 80th paragraph is erroneously numbered paragraph 44.

1  deprived him of that right. *Collins, supra,* 503 U.S. at p. 124. Dismissal is appropriate where no
2  cognizable legal theory is advanced. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534
3  (9th Cir. 1984).
4        The 1983 claim advanced in the FAC is predicated on purported violation of Crosby's rights
5  (1) to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments,
6  (2) to notice and an opportunity to be heard "when faced with a deprivation of property," and (3) to
7  "substantive due process" under the Fourteenth Amendment in connection with the deprivation of
8  property. FAC, ¶ 61. As was true the first time around, the operative pleading does not advance a
9  cognizable section 1983 claim.
10 **A.   The Facts Do Not Show A Viable Claim For Wrongful Search And Seizure**
11       The operative complaint alleges that Crosby was wrongfully arrested and his person and
12 vehicle searched in violation of the Fourth and Fourteenth Amendments, and his property seized in
13 violation of the Fourteenth Amendment's substantive due process clause. FAC, ¶ 61. As noted in
14 defendants' first motion to dismiss, a claim for wrongful search and seizure is reviewed under the
15 Fourth Amendment's "reasonableness" standard, not under the substantive due process clause of the
16 Fourteenth Amendment. *Larson v. Neimi,* 9 F.3d 1397, 1400 (9th Cir. 1993). The "reasonableness"
17 of a search or seizure is determined by the existence of probable cause. *Allen v. City of Portland,* 73
18 F.3d 232, 235 (9th Cir. 1995). In other words, a 1983 claim for wrongful search and seizure may be
19 cognizable under the Fourth Amendment only if the defendant acted without probable cause. *Larson,*
20 *supra,* 9 F.3d at p. 1400.
21       Probable cause to arrest exists when the facts and circumstances within the officer's
22 knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been
23 committed. *Lassiter v. City of Bremerton,* 556 F.3d 1049, 1053 (9th Cir. 2009). Crosby claims that
24 when he was stopped, searched and arrested by Seth Clark on December 28, 2010, Crosby had
25 "violated no law" and the officer "lacked probable cause, or any reasonable suspicion, to believe that
26 plaintiff had committed an offense." FAC, ¶ 38. Whether Crosby had actually violated the law is
27 irrelevant. Probable cause to search or seize requires only that the facts available to the officer would
28 "warrant a man of reasonable caution in the belief . . . that certain items may be contraband . . . or

1  useful as evidence of a crime." *Allen, supra,* 73 F.3d at p. 235. There is no additional requirement that the officer's belief be correct. *Ibid.*, quoting *Texas v. Brown,* 460 U.S. 730, 742 (1983). Crosby's remaining assertion, that Clark lacked probable cause to believe a crime had been committed, is a legal conclusion, not a statement of fact. No facts are offered to support it.

Furthermore, as Crosby now concedes, there was a warrant for his arrest at the time of the incident. FAC, ¶¶ 35, 39. In an attempt to overcome that reality, the amended pleading offers the bald conclusion that unidentified "defendants" obtained warrants by "fraudulent means." (FAC, ¶ 35.) Once again, conclusions without facts to support them add nothing to the sufficiency of a claim. To prevail on a claim that law enforcement procured a warrant through deception, the plaintiff must show, among other things, that the defendant deliberately or recklessly made false statements or omissions that were material to the magistrate's finding of probable cause. See, e.g., *Smith v. Almada,* 640 F.3d 931, 937 (9th Cir. 2011); *Ewing v. City of Stockton,* 588 F.3d 1218, 1223-1224 (9th Cir. 2009). This pleading does not even identify who procured the warrant, much less attempt to supply facts to overcome the presumption that the warrant issued upon a showing of probable cause.

**B.     Plaintiff's "Miranda" Allegations Do Not Establish A Viable 1983 Claim**

Plaintiff now claims that Clark questioned him "extensively" in the Bridgeport Jail without identifying the charges against him or honoring Crosby's request to contact his attorney. FAC, ¶ 42. If this new allegation is intended to provide a basis for liability, it does not. It is well established that custodial interrogation in the absence of *Miranda* warnings will not provide a basis for liability under 42 U.S.C. section 1983. *Chavez v. Martinez,* 538 U.S. 760, 764-767 (2003).   **C.     The Facts Do Not Show An Actionable Deprivation Of Due Process**

Crosby claims his "personal property" was wrongfully seized and impounded in violation of the "substantive due process" clause of the Fourteenth Amendment. FAC, ¶ 61(c). As noted above, a claim for wrongful search and seizure is reviewed under the Fourth Amendment, not under the substantive due process clause. *Larson v. Neimi, supra,* 9 F.3d at p. 1400. (9th Cir. 1993). If Crosby has any claim under the Fourteenth Amendment (which he does not, for the reasons addressed below), it would be a procedural due process claim.

A procedural due process claim has two distinct elements (1) the deprivation of a

constitutionally protected liberty or property interest, and (2) denial of adequate procedural protections. *Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001). This claim fails on both prongs. First, there can be no constitutionally protected property interest in marijuana and the profits or other accouterments of a marijuana operation because such activities are illegal under federal law, even if what Crosby **claims** to have done had been "legal" under state law. See *Gonzales v. Raich*, 545 U.S. 1, 33 (2005) (noting that manufacture, distribution or possession of marijuana is a crime except in the context of a pre-approved research study by the Food and Drug Administration). Second, even if Crosby had a constitutionally protected property interest in the drugs, money and other items seized under the warrants, an officer's seizure of property in a criminal case satisfies the constitutional requirement of procedural due process unless the conduct occurred in violation of the Fourth Amendment. *Sanders v. City of San Diego*, 93 F.3d 1423, 1427 (9th Cir. 1996); see also *Gerstein v. Pugh, supra,* 420 U.S. at p. 125 n. 27 ("The Fourth Amendment was tailored explicitly for the criminal justice system, and its balance between individual and public interests always has been thought to define the 'process that is due' for seizures of person or property in criminal cases"). As discussed above, Crosby **concludes** his property was wrongfully seized, but no facts are alleged to support that conclusion.

Finally, as pointed out to Crosby in the first motion to dismiss, there can be no section 1983 claim for unauthorized deprivation of property if the plaintiff has an adequate post-deprivation state remedy. See *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). It is established that the California Tort Claims Act provides an adequate post-deprivation remedy for unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994). Despite two opportunities to plead, Crosby remains unable to allege the absence of an adequate state remedy or compliance with the claims presentation requirements of the Tort Claims Act.

/ / /

**D.    No Viable Claim Is Alleged Against Timothy Kendall**

The original complaint contained four facts addressing defendant Kendall: (1) that he resides in Mono County; (2) that he was employed by the County as a law enforcement officer, specifically,

the District Attorney; (3) that he did not appear at the hearing(s)s at which Crosby was scheduled to be arraigned on the charge of possession of marijuana for sale; and (4) that he dropped the criminal charges against Crosby. Original Complaint, ¶¶ 7, 14, 31, 32, 72, 73. The amended complaint adds one allegation, "on information and belief," that the County of Mono "and/or" the Town of Mammoth Lakes had an agreement with the individual defendants (including Kendall) "to share or otherwise divide the proceeds of forfeitures undertaken against plaintiff," his property, and his marijuana cooperative. FAC, ¶ 13. As pointed out before, prosecutors are absolutely immune from suit when functioning as prosecutorial advocates. *Imbler v. Pachtman,* 424 U.S. 409, 430-431 (1976). That immunity encompasses the decision to prosecute, even if motivated by personal animus (*Roe v. City and County of San Francisco,* 109 F.3d 578, 583-584 (9th Cir. 1997)), actually initiating prosecution, and all other conduct intimately associated with the judicial phase of the criminal process (*Imbler, supra,* 424 U.S. at pp.430-431).

The same immunity applies under state law. California Government Code section 821.6 provides that a public employee is not liable for injury caused by his or her instituting or prosecuting any judicial or administrative proceeding within the scope of employment, even if such conduct is undertaken with malice and without probable cause. The statute is construed broadly in furtherance of the goal of protecting public employees in the performance of their duties from the threat of harassment through civil actions. *Gillam v. City of San Marino,* 147 Cal.App.4th 1033, 1048 (2007); *County of Los Angeles v. Superior Court,* 181 Cal.App.4th 218, 229 (2009).

The contention that Kendall conspired with the other defendants to deprive Crosby of the latter's purported property rights does not save the deficiencies in the 1983 claim. Indeed, because conspiracy requires proof of subjective intent, it is subject to a heightened pleading standard. *Bickey v. County of Los Angeles,* 968 F.2d 791, 794 (1992). While the amended complaint is replete with conclusions as to conspiratorial conduct among the defendants, no facts are alleged to support the allegations. Furthermore, whatever plaintiff claims the allegedly conspiratorial defendants, **tried** to do, the **actual** deprivation of rights secured by the Constitution or laws of the United States is a required element of his section 1983. *Fred Meyer, Inc. v. Casey,* 67 F.3d 1412, 1413-1414 (9th Cir. 1995). These facts show no deprivation at all.

E. **No Viable Municipal Liability Claim Is Alleged Against Mono County**

In evaluating a section 1983 claim, the acts of the municipality must be distinguished from the acts of its agents, since civil rights liability may not be based on *respondeat superior*. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1979). Local government can be held responsible when, and only when, the entity's official policies or customs cause its employees to violate another person's constitutional rights. *St. Louis v. Praprotnik*, 485 U.S. 112, 122-123 (1988). Thus a municipal liability claim requires, among other elements, facts showing that a constitutional violation occurred and that the entity's custom or policy was the moving force behind the violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *Sweeney v. Ada County*, 119 F.3d 1385, 1392 (9th Cir. 1997). Like its predecessor, Crosby's amended complaint identifies no policy or custom of Mono County whatsoever, much less one that was the moving force behind defendants' conduct. The municipal liability claim is deficient on that basis alone, irrespective of Crosby's failure to show a constitutional violation. See *Nadell v. Las Vegas Metro. Police Dept.*, 268 F.3d 924, 929 (9th Cir. 2001).

## II.

## THE SECOND, THIRD, FOURTH AND FIFTH COUNTS FAIL TO STATE A VIABLE CLAIM AGAINST MOVING DEFENDANTS

The second through fifth counts purport to advance state law claims for violation of California Civil Code Section 52.1 (second), conversion (third), intentional infliction of emotional distress (fourth) and defamation (fifth). As was pointed out in defendants' first motion to dismiss, these claims fail at the outset for noncompliance with the California Tort Claims Act, apart from other substantive deficiencies in the pleading.

To reiterate what plaintiff should have learned during the first pleading challenge, claims for money or damages against local public entities require presentation of a claim to the entity defendant. California Government Code ("Gov't. Code") §§ 905, 945, 945.4. An action against a public employee for an act or omission in the scope of employment is barred if an action against the public entity employer would be barred by the failure to satisfy the entity's claims presentation requirements Gov't. Code § 950.2. In other words, presentation of a claim to the entity employer is a prerequisite

to suing the employee if a claim would be required to sue the entity itself. *Briggs v. Lawrence*, 230 Cal.App.3d 605, 612-613 (1991).

Compliance with the claim presentation requirement is an element of the cause of action. *State of California v. Superior Court*, 32 Cal.4th 1234, 1243-1244 (2004). Thus a complaint that fails to allege facts showing compliance is subject to challenge for failure to state a cause of action. *Id.*, at p. 1243; *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209 (2007). Crosby's first amended complaint seeks damages against the County of Mono, a public entity. It also alleges that defendants Clark and Kendall are and were employees of the County who were acting within the course and scope of their employment. FAC, ¶¶ 4, 9. Yet this pleading, like its predecessor, alleges neither compliance with claim presentation requirements nor an excuse for noncompliance. All of the state claims are deficient on that basis alone.

## CONCLUSION

Despite two opportunities to plead, the claims advanced in the operative complaint are devoid of factual foundation and do not satisfy even the most rudimentary pleading requirements. For the reasons and pursuant to the authorities set forth herein, it is respectfully requested that this Court grant the motion and dismiss the complaint on file herein with prejudice as to moving defendants.

DATED: January 12, 2012

BOLLING & GAWTHROP

By: /s/ Marjorie E. Manning
Marjorie E. Manning
Attorneys for Defendants County of Mono, Seth Clark and Timothy Walter Kendall