JOHN S. MANZANO (State Bar No. 170546)
Minaret Legal Services, APC
legalservice@mammothattorney.com
181 Sierra Manor Road, #4
P.O. Box 8931
Mammoth Lakes, CA 93546
Telephone: (760) 934-4660
Facsimile:  (760) 924-7992

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

| | |
|---|---|
| WILLIAM R. CROSBY,<br><br>    Plaintiff,<br><br>vs.<br><br>THE COUNTY OF MONO, *et al.*<br><br>    Defendants. | CASE NO.: 2:11-CV-01458-KJM-EFB<br><br>Assigned to Hon. Kimberly J. Mueller<br><br>**MEMORANDUM IN REPLY TO DECLARATIONS OF MARJORIE MANNING AND SCOTT GROSSBERG RESPONDING TO ORDER TO SHOW CAUSE**<br><br>COMPLAINT FILED: May 31, 2011<br>TRIAL DATE: None Set |

Plaintiff, WILLIAM CROSBY, by and through his undersigned counsel, submits this Memorandum in Reply to the Declarations filed by Marjorie Manning, counsel for defendants COUNTY OF MONO, SETH CLARK, AND WALTER KENDALL (collectively, the "County Defendants"), and by Scott J. Grossberg, counsel for defendants TOWN OF MAMMOTH LAKES, PAUL ROBLES, AND RICK MOBERLY (collectively, the "City Defendants"), on February 23, 2012 and February 24, 2012, respectively, in regard to this Court's Order to Show Cause, entered February 15, 2012, directing Plaintiff to show cause why this action should not be dismissed for want of prosecution. For the reasons stated below, good cause exists to abstain from dismissal.

**MEMORANDUM**

The underlying Order to Show Cause, entered February 15, 2012, directed the Plaintiff to show cause why this matter should not be dismissed for want of prosecution, in view of the failure to file timely opposition to Defendants' motions to dismiss, initially returnable February 24, 2012. In his responsive declaration of February 22 2012, Plaintiff's undersigned counsel explained that the failure resulted from an inadvertent calendaring error on his part, and was in no way the fault of Mr. Crosby or, for that matter, Defendants or their attorneys. In other words, Plaintiffs' counsel willingly "fell on his own sword."

Now it appears Defendants have elected to seize upon this as an opportunity to gain an unwarranted strategic advantage, by inaccurately portraying a good faith error as part of a larger scheme of willful or dilatory conduct. In their responsive declarations of February 23 and February 24, 2012 (which essentially echo one another) defense counsel asserts that they are entitled to a dismissal with prejudice for want of prosecution because "the original complaint was filed almost a year ago," and "every deadline and directive from the inception of this case has been ignored by plaintiff and his counsel, with the exception of the deadlines to respond to multiple orders to show cause." (Dkt. No. 39, ¶¶ 2, 13; Dkt. No. 42, ¶¶ 3, 16). This is simply false.

Reviewing the relevant procedural history: the complaint was filed less than nine months ago, on May 31, 2011.[1] At the time, Mr. Crosby, who is not a lawyer, was self-represented. While the complaint he drafted did a fair job of setting forth the factual essence of his claims, it included some theories of liability that were, admittedly, an awkward fit for the case.[2] Other claims, while legally sound, were imprecisely pled.

Defendants filed their first round of Rule 12(b)(6) motions, in response to Mr. Crosby's complaint, in June and August 2011. (Dkt. Nos. 4, 11, 13). The motions exceeded 70 pages (without exhibits) and challenged every one of Mr. Crosby's asserted causes of

---

[1] The incident from which this suit arose (i.e., Mr. Crosby's arrest and seizure of his property), occurred just five months prior, on December 28, 2010.
[2] *E.g.*, Theft of Trade Secrets; Violations of RICO; Violation of Electronic Espionage Act, *etc*. (Dkt. 1, p. 1).

**MEMORANDUM IN FURTHER RESPONSE TO ORDER TO SHOW CAUSE**

2

action.

Mr. Crosby retained the undersigned to represent him in late August 2011. By that time, all of Defendants' original motions already were on file, and the Court had issued an OSC regarding Mr. Crosby's failure to file timely opposition. On August 24, 2011, the undersigned filed a designation of attorney and a short response to the pending motions and OSC, seeking leave to amend, explaining:

> Plaintiff has, as of this date, retained the representation of new counsel. Even though the complaint seems to meet the standards of notice pleading, especially given the relaxed requirements for a *pro-per*, it is in the interest of justice to allow the filing of an amended complaint.

(Dkt. No. 15, p. 2).

After this response was submitted, Defendants proceeded to file multiple "Notices of Non-opposition" in regard to the same motions. (Dkt. Nos. 22, 23, 24). They now cite to these notices as evidence that "Plaintiff (this time through his counsel). . . ignored" multiple deadlines. (Dkt. Nos. 42, ¶¶, 8, 9, 16). In view of the fact that a response from Plaintiff was already on file, this accusation can only be regarded as disingenuous. Continuing to exhaustively litigate the technical sufficiency of Mr. Crosby's *pro se* pleading, even after Plaintiff's counsel acknowledged the need to amend, would not have constituted an efficient use of judicial or litigant resources. Nor would it have expedited the litigation. Given the procedural posture of the case at the time, the undersigned's request to file an amended pleading on Mr. Crosby's behalf was the appropriate response.

On September 23, 2011, the court took Defendants' motions, and Plaintiff's request, under submission without oral argument. (Dkt. No. 25). Two months later, on December 9, 2011, the court issued a decision, granting leave to file an amended complaint within 20 days, and denying Defendants' motions without prejudice as moot. (Dkt. No. 26).

On December 28, 2011, Plaintiff filed the First Amended Complaint. (Dkt. No. 27). The revised pleading was tailored to address the issues raised in Defendants' first round of motions to dismiss. It reduced the number of asserted causes of action from 11 to five. It narrowed the focus of the § 1983 civil rights claim to the alleged violations of

**MEMORANDUM IN FURTHER RESPONSE TO ORDER TO SHOW CAUSE**

3

Mr. Crosby's Fourth Amendment and Fourteenth Amendment rights. It added relevant factual detail regarding the events leading up to Mr. Crosby's December 28, 2010 arrest, as well as specifics concerning the conduct of the search of his vehicle, residence and office, and confiscation of his property. It described with particularity the personal property that was allegedly seized and retained without due process of law. It also identified the date, manner, and substance of the alleged defamatory statements published with regard to Mr. Crosby's charges. It specified, to the extent possible, the involvement of each of the individually named Defendants in the underlying transaction.

On January 11 and January 12, 2012, Defendants responded to the First Amended Complaint by collectively filing two more motions to dismiss, (Dkt. Nos. 28, 31), two motions to strike (Dkt. Nos. 39, 30), and a request for a more definite statement. (Dkt. No. 28). The motions again contested the legal sufficiency of each and every one of Mr. Crosby's asserted causes of action.

In their recent declarations, the Defendants' attorneys imply that this second round of motions was somehow necessitated by opposing counsel's failure to "meet and confer" prior to filing the First Amended Complaint. This contention, however, does not stand up to an examination of the motions themselves. While the First Amended Complaint meaningfully addressed most of the issues raised in Defendants' first round of motions, Defendants made few adjustments to the scope of their second round of motions to respond meaningfully to the improvements made in the First Amended Complaint. Instead, they took the routine tact of "challenge everything; see what sticks," advancing indiscriminate and nitpicking challenges to the pleading under Rule 12(b)(6). With one notable exception,[3] their objections to the complaint's legal sufficiency were wholly devoid of merit.[4] Plaintiff filed opposition to all pending motions on February 23, 2012.

---

[3] The omission of a "presentation of claim" allegation is correctly identified in the motions as a technical defect in the pleading. It has been resolved by way of Request for Judicial Notice. (Dkt. No. 41).

[4] Illustratively, in preparing opposition, the undersigned found himself responding to such broad and novel propositions as: (1) Public "employees acting within the scope of their employment" have "immunity from [tort] state law claims." (Dkt. No. 28, p. 10, lns. 21-27); (2) "An action against a public employee is barred" on the grounds of governmental immunity "if an action for the same injury is barred against the public entity" (Dkt. No. 28, p. 11, lns. 14-19); (3) "DEFENDANTS have a duty to destroy the property PLAINTIFF seeks to have returned," including a laptop, a cellphone, money, and records, because Health & Safety Code § 11473 mandates the destruction of "controlled

There is no question this case has come off to a slow start. But, for the most part, the delay in getting beyond the pleading stage has simply been a natural and inevitable consequence of dealing with successive motions to dismiss. Defendants' attempt to indict Plaintiff and his counsel for that delay is both opportunistic and unfounded. It has been aptly noted that "[d]elay in litigation often works to a defendant's advantage, and no procedural vehicle is more likely to generate delay that filing a motion to dismiss under Rule 12(b)(6). With the briefing schedule allowed by this court and the inevitable time required to reach a decision, it is not unusual that a defendant can by filing such a motion postpone for several months its obligation to answer on the merits." *Phillips Fibers Corp. v. Franchise Enterprises, Inc.*, 21 Fed. R. Serv. 3d 866 (E.D.N.C. 1991). That is precisely what has happened here.

As for the short delay in filing opposition to Defendants' most recent round of Rule 12 motions, the fault lies, not with Mr. Crosby personally, but with his undersigned counsel. It was the product of a good faith calendaring error—the kind that even opposing counsel concedes "can and do[es] occur despite attorneys' best efforts." (Dkt. No. 39, ¶ 13). Defendants have not identified any prejudice ensuing therefrom. And a review of the First Amended Complaint and of the substance of Defendants' (now opposed) motions confirms that Mr. Crosby has indeed set forth viable grounds for relief, meriting an answer from the Defendants. Consequently, this case does not present circumstances warranting dismissal for lack of prosecution.

## CONCLUSION

For all the forgoing reasons, Plaintiff respectfully requests that the Court discharge its Order to Show Cause entered February 15, 2012, and consider Plaintiff's late opposition (Dkt. Nos. 40, 41) to Defendants' pending motions to dismiss and strike.

Dated: March 1, 2012                    Respectfully submitted,
                                        MINARET LEGAL SERVICES

                                         /s/ John S. Manzano
                                        John S. Manzano

---

substances" (Dkt. No. 28, p. 8, lns. 3-4); (4) "PLAINTIFF'S possession" of, not just marijuana, but also of the above-described "related evidence of his [alleged] crime was violative of federal law." (Dkt. No. 28, p. 7, lns. 15-16)

**MEMORANDUM IN FURTHER RESPONSE TO ORDER TO SHOW CAUSE**

5

# **CERTIFICATE OF SERVICE**

I hereby certify that on this the 1st day of March, 2012, a true and correct copy of the above and forgoing, has been sent to the following counsel of record by means indicated below:

**CM/EFC**
Scott J. Grossberg
Joseph E. Brick
CIHIGOYENETCHE, GROSSBERG & CLOUSE
8038 Haven Avenue, Suite E
Rancho Cucamonga, CA 91730
sgrossberg@cgclaw.com
josephbrick@cgclaw.com

**CM/EFC**
Marjorie E. Manning
BOLLING & GAWTHROP
A Professional Corporation
8880 Cal Center Drive, Suite 190
Sacramento, CA 95826
mem@bwg-inc.com

MINARET LEGAL SERVICES, APC

By:  /s/ Nancy Steelman
　　　　Nancy Steelman
　　　　Paralegal