1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM CROSBY,

11              Plaintiff,              No. CIV S-2:11-1458-KJM-EFB

12        vs.

13   COUNTY OF MONO; *et al.*,

14              Defendants.            <u>ORDER</u>

15   _____/

16        Plaintiff initiated the present suit on May 31, 2011. (ECF 1.) Since that time,

17   plaintiff has repeatedly failed to observe the rules of this court. As a result, this case presents the

18   rare instance where dismissal for failure to prosecute under Federal Rule of Civil Procedure

19   ("Rule") 41(b) is appropriate. For the reasons set forth below, this case is DISMISSED.

20   I.   <u>PROCEDURAL BACKGROUND</u>

21        On May 31, 2011, plaintiff William Crosby ("plaintiff") initiated this action by

22   filing a complaint alleging various federal and state law claims against defendants Rick Moberly,

23   Paul Robles, Town of Mammoth Lakes ("Mammoth Lakes"), Seth Clark and County of Mono

24   (collectively, "defendants"). (ECF 1.)  On June 29, 2011, defendant Mammoth Lakes filed a

25   motion to dismiss for failure to state a claim.  (ECF 4.)  On June 29, 2011, this court issued a

26   minute order directing Mammoth Lakes to correct a defect in its motion to dismiss.  (ECF 7.)

1

On June 30, 2011, Mammoth Lakes corrected the defect and reset a hearing on the motion. (ECF 8.)  On July 29, 2011, Mammoth Lakes filed a notice of non-opposition to its motion to dismiss.  (ECF 9.)  On August 1, 2011, the magistrate judge issued an order to show cause why plaintiff should not be sanctioned for failure to prosecute, and giving plaintiff until August 24, 2011, to file a responsive pleading.  (ECF 10.)  In that order, the court clearly warned plaintiff that failure to follow the federal or local rules could result in dismissal. (*Id.*) On August 5, 2011, defendants Rick Moberly and Paul Robles and defendants Seth Clark and Timothy Walter Kendall separately moved to dismiss plaintiff's complaint for failure to state a claim.  (ECF 11; ECF 13.)  At the time, plaintiff was proceeding *in propria persona*.  On August 24, 2011, plaintiff obtained counsel and requested leave to amend his complaint in a document styled as an opposition to Mammoth Lakes' motion to dismiss.  (ECF 14; ECF 15.)  On August 25, 2011, Mammoth Lakes filed a reply to plaintiff's request for leave to amend and requested the court grant its motion to dismiss.  (ECF 16.)  The magistrate judge then referred the matter back to the undersigned as plaintiff was now represented by counsel.  *See* E.D. CAL. LOCAL RULE 302(c)(21).

On September 21, 2011, defendants Mammoth Lakes, Paul Robles and Rick Moberly filed notices of plaintiff's non-opposition to their motions to dismiss.  (ECF 22; ECF 23.)  Noting the liberal standard for allowing leave to amend and plaintiff's relatively recent retention of counsel, on December 9, 2011, the court granted plaintiff's request for leave to amend.  (ECF 26.)  In that order, the court directed plaintiff's counsel "to review the defense motions to dismiss, and to meet and confer with defense counsel, before filing an amended complaint."  (*Id.*)

On December 28, 2011, plaintiff filed his first amended complaint, alleging a cause of action under 42 U.S.C. § 1983 and several pendent state law claims.  (ECF 27.)  On January 11 and January 12, 2012, defendants moved to dismiss the first amended complaint for failing to state a cause of action and also to strike portions thereof.  (ECF 28-32.)  On February

1   14, 2012, defendants again filed notices of non-opposition by plaintiff to their motions.  (ECF

2   33-36.)  On February 15, 2012, this court issued an order to show cause why this action should

3   not be dismissed for failure to prosecute.  (ECF 36.)  On February 21, 2012, plaintiff filed an

4   untimely opposition, which he later attempted to replace with a superseding opposition filed on

5   February 23, 2012, all without leave of court.  (ECF 37, 40-41, 43); *see* Fed. R. Civ. P.

6   6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good

7   cause, extend the time[] on motion made after the time has expired if the party failed to act

8   because of excusable neglect.").  Plaintiff's counsel did file a declaration indicating the failure to

9   file an opposition was due to a calendaring error.  (ECF 38.)  The untimely opposition, however,

10   also did not comply with this court's page limit requirements.

11          In the interim, defendants filed declarations in support of their motions to dismiss,

12   claiming plaintiff's counsel never sought to meet and confer as required by this court's order

13   dated December 9, 2011.  (ECF 39, 42).  Plaintiff's counsel effectively concedes that he failed to

14   comply with the court's order to meet and confer prior to filing the amended complaint.  (*See*

15   ECF 44 at 4:14-24.)

16   II.    ANALYSIS

17          Prior to dismissing for failure to prosecute under Rule 41(b), the court must

18   consider the factors outlined in  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986),

19   namely:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

20   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

21   disposition of cases on their merits; and (5) the availability of less drastic sanctions."  "The

22   district court has the inherent power sua sponte to dismiss a case for lack of prosecution."  *Id.*

23          First, the public has an interest in expeditious resolution of litigation.  Here,

24   plaintiff has failed to timely respond to either round of motions to dismiss.  *Yourish v. California*

25   *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of

26   litigation always favors dismissal.").  Plaintiff's repeated failure to timely prosecute his case has

1   unreasonably prolonged what should be an early stage of the litigation. Plaintiff's initial pro se

2   status does not alter the analysis, because pro se litigants must abide equally by the federal and

3   local rules. *See, e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1986).  Nor does the fact that

4   plaintiff's counsel failed to meet a deadline due to a calendaring error.  *See Chism v. National*

5   *Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir. 1981), *overruled on other grounds*, *Bryant*

6   *v. Ford Motor Co.*, 844 F.2d 602 (9th Cir. 1987) ("[I]t must be remembered that Appellant

7   voluntarily chose (his attorneys) as his representative(s) in the action, and he cannot now avoid

8   the consequences of the acts or omissions of (these) freely selected agent(s).") (quotations and

9   citations omitted).  The first *Henderson* factor weighs in favor of dismissal.

10          Second, plaintiff's many delays have interfered with management of this court's

11   docket.  The court has expended judicial resources as a result of plaintiff's failure to meet

12   deadlines, having to issue two orders to show cause without being able to reach the merits of the

13   case.  *See Yourish*, 191 F.3d at 990 (finding the district court's interest in managing its docket

14   strongly favored dismissal because "[p]laintiffs tardily filed their motion for a written order,

15   requiring the district court to devote further time and resources to this matter rather than to the

16   merits of an amended complaint."); *Chism*, 637 F.2d at 1332 ("Appellant showed continued

17   disregard for his obligations to the court by late filing of oppositions to [appellee's] motions.

18   The local rules established time limits to provide the court adequate opportunity to consider

19   papers filed by the parties.  Appellant's disregard of these rules frustrated that salient purpose.")

20   This second factor also weighs strongly in favor of dismissal.

21          Third, defendants have been prejudiced as they have spent considerable time and

22   money in an effort to defend a matter plaintiff has repeatedly neglected.  *See Al-Torki v.*

23   *Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996) (defendant's expenditure of resources to prepare

24   for litigation plaintiff neglected constituted prejudice).  Notwithstanding the court's earlier

25   warning that failure to abide by the court's rules could result in dismissal, plaintiff has developed

26   a pattern of neglecting this case that is not limited to one inadvertent calendaring error; rather,

1   plaintiff failed to reply to both rounds of motions to dismiss until prompted by an order to show

2   cause, and even then failed to oppose the motions, failed to meet and confer as ordered by the

3   court, and ultimately filed a late opposition brief exceeding this court's page limits.  *See Yourish*,

4   191 F.3d at 991 (finding this factor strongly favors dismissal because plaintiff's "paltry excuse

5   for his default on the judge's order indicates that there was sufficient prejudice to [d]efendants

6   from the delay"); *cf. Al-Torki*, 78 F.3d at1385(holding dismissal under Rule 41(b) appropriate

7   because plaintiff failed to appear for trial and defendants were prejudiced because their trial

8   preparation efforts were wasted).  This factor too weighs in support of dismissal in order to avoid

9   further prejudice to defendants.

10           Regarding the fourth factor, as the Ninth Circuit explained in *Morris v. Morgan*

11   *Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991), "[a]lthough there is indeed a policy favoring

12   disposition on the merits, it is the responsibility of the moving party to move towards that

13   disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  The court

14   finds this factor to be evenly balanced, despite the strong preference for resolution on the merits,

15   given that plaintiff has failed to fulfill his responsibility of moving the case towards disposition

16   on the merits at a reasonable pace and in good faith.

17           As for the fifth and final factor, "[t]he district court need not exhaust every

18   sanction short of dismissal before finally dismissing a case, but must explore possible and

19   meaningful alternatives."  *Henderson*, 779 F.2d at 1424 (citing *Nevijel v. North Coast Life*

20   *Insurance Co.*, 651 F.2d 671, 674 (9th Cir.1981)). Early on, the court warned plaintiff that

21   failure to follow the federal and local rules could result in dismissal. (ECF 10.) In response to

22   plaintiff's initial failure to timely oppose defendant's motions, the court granted plaintiff leave to

23   amend his complaint following a meet and confer with defense counsel. (ECF 26.)  Plaintiff then

24   failed a second time to timely oppose defendant's motions to dismiss. To compound his error,

25   plaintiff submitted an untimely opposition, without leave of court, that exceeded the court's page

26   limits. Given plaintiff's pattern of repeatedly failing to meet deadlines and abide by court orders,

1  the court finds no alternative sanction will adequately encourage plaintiff to responsibly

2  prosecute his case.  *See Nevijel*, 651 F.2d at 674 ("less drastic alternatives include allowing

3  further amended complaints, allowing additional time, or insisting that appellant associate

4  experienced counsel"); *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829,

5  832 (9th Cir. 1986) (finding dismissal appropriate after the court granted several pretrial

6  conference continuances, plaintiff was not prepared for the conferences, and plaintiff was

7  warned that failure to be prepared would result in a dismissal). The court finds this factor also

8  favors dismissal.

9  III.   <u>CONCLUSION</u>

10        *Henderson* factors one, two, three and five weigh in favor of the sanction of

11  dismissal with prejudice, and factor four is evenly balanced.  Given plaintiff's pattern of

12  misconduct despite the many opportunities this court has provided, the court finds "that the

13  future [holds] only the prospect of continued improprieties."  *Chism*, 637 F.2d at 1332.

14  Plaintiff's claims are therefore DISMISSED with prejudice.  This case is closed.

15        IT IS SO ORDERED.

16  DATED:  June 12, 2012.

UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

6